ROBERT W. COX, Respondent, et al., Plaintiff, v LA-BARGE BROS. COMPANY, INC., et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendant. (Appeal No. 1.) —Appeal unanimously dismissed without costs *(see, Dougherty v State of New York,* 113 AD2d 983, 986). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—partial summary judgment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

 ROBERT W. COX, Plaintiff, and ROBERT E. BASCHMAN, JR., Respondent, v LABARGE BROS. COMPANY, INC., et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendant. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Union Drilling Corporation contracted with Suburban Pipe Line Company to construct a natural gas pipeline and Suburban subcontracted part of the work to Patriot Trucking, Inc. Plaintiff Robert Cox, an employee of Patriot Trucking, was injured when he fell from the top tier of gas pipes which were stacked upon a flatbed truck. At the time of his injuries, he and the foreman, who was also injured, were "stringing" the pipes along the path of the pipeline right-of-way. They performed the "stringing" operation by rolling each pipe off the flatbed truck along the right-of-way in a position where it was to be welded and installed in the pipeline excavation by employees of LaBarge Bros. Company.

Plaintiff brought this action alleging violation of Labor Law § 240 (1) and moved for summary judgment. Defendants opposed the motion, contending that plaintiff was not engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure". Defendants do not dispute that the pipeline is a "structure" within the meaning of the statute *(see, Kahn v Gates Constr. Corp.,* 103 AD2d 438, 447)*, but they maintain that, at the time of his injury, plaintiff was not involved in the actual construction of the pipeline, but was merely delivering materials to a future construction site *(see, Sprague v Louis Picciano, Inc.,* 100 AD2d 247, *lv denied* 62 NY2d 605). Special Term rejected defendants' contention and granted summary judgment in favor of plaintiff. We affirm.

The "stringing" of pipe along the right-of-way was an integral part of the construction project *(see, Nagel v Metzger,* 103 AD2d 1, 9; *Struble v John Arborio, Inc.,* 74 AD2d 55, 57). Plaintiff was not merely delivering materials to be stockpiled for future use *(see, Sprague v Louis Picciano, Inc., supra)* but was unloading and placing the pipe along the construction

site, which brought his activity within the protection of the Labor Law *(see, Brown v Petracca & Son,* 124 AD2d 772; *Ploof v B. I. M. Truck Serv.,* 53 AD2d 750, *lv denied* 40 NY2d 803; *Kemp v Lakelands Precast,* 84 AD2d 630, *mod on other grounds* 55 NY2d 1032). Plaintiff demonstrated the applicability of section 240 (1) by showing that his task involved the risks of falling from an elevated height or being struck by objects falling from an elevated height *(see, Staples v Town of Amherst,* 146 AD2d 292; *Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761), and he established his entitlement to judgment by presenting uncontroverted proof that no safety devices were provided and that the absence of safety devices caused his injuries *(see, Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—partial summary judgment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.