■ DENNIS B. MOSHER et al., Appellants, v ST. JOSEPH'S VILLA et al., Respondents, and Third-Party Plaintiffs. R-MONDE CONTRACTORS, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff Dennis B. Mosher was injured when he fell from a ladder as he was cutting down a tree to clear the land owned by St. Joseph's Villa for the construction of a parking lot and adjacent residential building. St. Joseph's Villa had contracted with the injured plaintiff's employer for

the construction of the parking lot and building and the employer had contracted with Seneca Roadways, Inc. to clear the land, excluding the trees. The injured plaintiff and his wife brought this action against St. Joseph's Villa and Seneca Roadways alleging causes of action for common-law negligence and violations of Labor Law §§ 200, 240 and 241.

Plaintiffs moved for summary judgment against defendant St. Joseph's Villa on the cause of action under Labor Law § 240 (1). Defendants, St. Joseph's Villa and Seneca Roadways, cross-moved for summary judgment dismissing the cause of action under Labor Law § 240 (1) on the ground that the injured plaintiff was not working on a building or structure at the time he fell and, thus, he did not come within the protection of that section. In addition, defendant St. Joseph's Villa moved to dismiss the common-law negligence cause of action. Supreme Court denied plaintiffs' motion for partial summary judgment against defendant St. Joseph's Villa on the cause of action under Labor Law § 240 (1) and granted defendants' cross motions to dismiss that cause of action. It also granted the motion of defendant St. Joseph's Villa to dismiss the negligence cause of action. Plaintiffs appeal.

Supreme Court properly dismissed the negligence cause of action as against St. Joseph's Villa. The record demonstrates that St. Joseph's Villa neither exercised supervision or control over the work nor had actual or constructive knowledge of a dangerous condition on the site (see, *DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70, 72-73, *lv dismissed* 60 NY2d 554).

The court improperly denied plaintiffs' motion for partial summary judgment against defendant St. Joseph's Villa on the issue of liability on the cause of action brought under Labor Law § 240 (1). Consequently, we modify the order appealed from by granting partial summary judgment to plaintiffs on the issue of liability on the Labor Law § 240 (1) cause of action and by denying defendant St. Joseph's Villa's cross motion insofar as it sought dismissal of that cause of action.

Labor Law § 240 (1) provides in part: "All contractors and owners * * * in the erection, demolition, repairing * * * of a building or structure shall furnish * * * for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute is designed to protect workers employed in the erection, etc., of a building or structure from the risk of

falling from an elevated work site or of being struck by an object falling from an elevated work site *(Staples v Town of Amherst,* 146 AD2d 292; *Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

The statute does not require that a worker, to come within the protection of the section, be performing work at the location of the building or structure at the time of his injuries; it is sufficient that the work he is performing be work that is necessary and incidental to or an integral part of the erection, etc., of the building or structure *(see, Cox v LaBarge Bros. Co.,* 154 AD2d 947, *lv dismissed* 75 NY2d 808; *Nagel v Metzger,* 103 AD2d 1, 9-10; *Ploof v B. I. M. Truck Serv.,* 53 AD2d 750, *lv denied* 40 NY2d 803; *see also, Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79). Here, the removal of the tree constituted site preparation, which was incidental and necessary to the erection of the building *(see, Nagel v Metzger, supra,* at 9). To the extent that the case of *Lombardi v Stout* (178 AD2d 208) is authority to the contrary, we decline to follow it.

The court properly dismissed the Labor Law § 240 (1) cause of action against defendant Seneca Roadways inasmuch as Seneca Roadways was not an owner, was not a contractor responsible for the work performed by the injured plaintiff, and did not direct or control the work *(see, Magrath v Migliore Constr. Co.,* 139 AD2d 893). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.