■ DONALD B. MEEHAN et al., Appellants-Respondents, v MOBIL OIL CORP. et al., Respondents, and BENNETT CONSTRUCTION, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court correctly determined that the injured plaintiff was not "em-

ployed" within the meaning of Labor Law § 240 (1). The materials submitted on the summary judgment motion, viewed in the light most favorable to plaintiffs, reveal that defendant Mobil Oil Corp. permitted Courtney, the lessee of a Mobil gas station, to remove a tire rack from a second Mobil station under demolition. Plaintiff Donald B. Meehan, an employee of Courtney, was injured when he fell off a stepladder while attempting to detach the tire rack from the wall of the second gas station. The demolition contract between Mobil and defendant Bennett Construction, Inc. did not require the taking of the tire rack from the wall prior to demolition of the structure. Under the circumstances, detachment of the tire rack was not incidental or necessary to, or an integral part of, the scheduled demolition work (see, Mosher v St. Joseph's Villa, 184 AD2d 1000 [decided herewith]; Cox v LaBarge Bros. Co. [appeal No. 2], 154 AD2d 947, lv dismissed 75 NY2d 808), and Meehan was not hired by an owner, contractor or their agent to perform demolition work (see, Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577; Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971).

Supreme Court erred, however, in denying defendant Bennett Construction's motion for summary judgment on the common-law negligence and Labor Law § 241 (6) causes of action. The liability of a general contractor for negligence or for a section 241 (6) violation extends only to workers employed or lawfully upon the premises to perform construction, excavation or demolition work (see, Gibson v Worthington Div., 78 NY2d 1108, 1109; Mordkofsky v V.C.V. Dev. Corp., supra, at 577). As stated above, Meehan was not performing work incidental or necessary to the scheduled demolition. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.