■ URSULA GROGER, as Administratrix of the Estate of HORST J. H. GROGER, Deceased, Appellant, v MORRISON-

KNUDSEN COMPANY, INC., et al., Respondents, et al., Defendants. —In an action to recover damages for wrongful death, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Nahman, J.), dated October 11, 1989, as denied her motion for partial summary judgment against the defendants Morrison-Knudsen Company, Inc., and Yonkers Contracting Co., Inc., and (2) so much of a judgment of the same court (Lerner, J.) dated April 4, 1990, as, upon the granting of the motions of the defendants Morrison-Knudsen Company, Inc., and Yonkers Contracting Co., Inc., dismissing the complaint as against them for failure to establish a prima facie case, dismissed the complaint against these defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The respondents, acting together as joint venturers, entered into a contract with the State of New York to replace the Greenpoint Avenue Bridge, which is owned by the City of New York. The construction was to occur in phases, such that the existing bridge would not be completely demolished until the new bridge was partially constructed. The plaintiff's decedent, an engineer employed by the New York City Department of Transportation, was in the process of measuring the angle of opening of the Queens leaf of this drawbridge when he fell to his death. The decedent was not wearing any safety equipment, and there were no safety nets below the bridge. The measurement was being made at the request of the Coast Guard, which, having jurisdiction over the navigable waters of the Newtown Creek below, was concerned that continuing mechanical problems with the bridge, which were preventing the Queens leaf from fully opening, would impair the marine traffic below if the waterway were to be partially blocked by the respondents' construction barges. At the time of the accident, the construction/demolition project was in the second of five phases, such that the respondents had removed a portion of the existing bridge. The respondents' duties as to the maintenance of the existing bridge during that phase were

limited to the securing of the area of partial demolition. The City retained the responsibility for the repair and maintenance of the rest of the bridge.

The plaintiff, the decedent's widow, commenced this action alleging, *inter alia,* a violation of Labor Law § 240. The plaintiff's motion for partial summary judgment on the issue of the respondents' liability was denied, and the case proceeded to trial. On the second day of the trial, the trial court granted the respondents' respective motions to dismiss the complaint as against them.

We agree that the plaintiff's motion for partial summary judgment was properly denied. For summary judgment to be granted, it must clearly appear that no triable issue of fact exists *(see, Daliendo v Johnson,* 147 AD2d 312, 317). Should any doubt exist, summary judgment should be denied *(see, Miceli v Purex Corp.,* 84 AD2d 562). The conflicting affidavits raised issues of fact as to the respondents' responsibilities for maintenance of the existing bridge, and as to the relationship between the inspection being made by the decedent and the construction/demolition project.

We agree, further, that the plaintiff failed to establish a prima facie case for a violation of Labor Law § 240 at the trial. The evidence adduced at the trial demonstrated that the Coast Guard was concerned that the combination of the impairment of the Queens leaf of the bridge and the presence of construction barges below would impair navigibility of the waterway. Therefore, while the taking of measurements may have been precipitated in part by the respondents' construction project, there was no relationship between the two such that the decedent was "so employed" within the meaning of the statute *(see, Gibson v Worthington Div. of McGraw-Edison Co.,* 78 NY2d 1108, 1109). As such, the respondents were not responsible for providing the decedent with safety equipment, and cannot be held to be at fault for his death.

We find no merit to the plaintiff's remaining contention. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.