■ ROBERT C. MARTIN, Respondent, v BACK O'BEYOND, INC., Appellant-Respondent, et al., Defendant, and PELLETIER, INC., Respondent-Appellant. (And a Third-Party Action.) [604 NYS2d 205] —In an action to recover damages for personal injuries, the defendant Back O'Beyond, Inc., appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 1, 1991, which, *inter alia,* granted the plaintiff's cross motion for partial summary judgment against it on the issue of

liability under Labor Law § 240 (1), and the defendant Pelletier, Inc., cross-appeals from so much of the same order as granted the plaintiff's cross motion for partial summary judgment against it on the issue of liability and granted the cross motion of the defendant Back O'Beyond, Inc., for summary judgment against it on the issue of indemnification.

Ordered that the appeal of Back O'Beyond, Inc., is dismissed as abandoned, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.10 [d], [f]); and it is further,

Ordered that the order is modified, on the law, by deleting so much of the second decretal paragraph thereof as granted the cross motion of Back O'Beyond, Inc. for partial summary judgment against Pelletier, Inc., and substituting therefor a provision denying the cross motion; and as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.

We find that the Supreme Court properly granted the plaintiff's cross motion for summary judgment against the defendant Pelletier, Inc. The record demonstrates that the plaintiff was on the premises of the defendant Back O'Beyond, Inc., to measure windows, pursuant to an agreement for the immediate manufacture of window screens by the plaintiff's employer. Under the facts of this case, we find that the plaintiff's work was a necessary prerequisite to the window screen installation, and therefore the plaintiff was a covered person under Labor Law § 240 (1) *(see, Lombardi v Stout,* 80 NY2d 290; *Mosher v St. Joseph's Villa,* 184 AD2d 1000; *Adams v Alvaro Constr. Corp.,* 161 AD2d 1014; *Cox v LaBarge Bros. Co.,* 154 AD2d 947).

However, the Supreme Court erred in granting the cross motion of Back O'Beyond, Inc., for summary judgment against Pelletier, Inc., on the issue of indemnification. Indemnification is only available where a party who is vicariously liable seeks to recover from the actual wrongdoer *(see, Mas v Two Bridges Assocs.,* 75 NY2d 680; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Menorah Nursing Home v Zukov,* 153 AD2d 13; *Mauro v McCrindle,* 70 AD2d 77, *affd* 52 NY2d 719). In view of the fact that Back O'Beyond, Inc., owned and maintained the ladder, material questions of fact exist as to the identity of the actual wrongdoer in this case.

We have reviewed the remaining contentions of Pelletier, Inc., and find them to be without merit. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.