■ DONALD B. MEEHAN et al., Appellants, v MOBIL OIL CORP. et al., Respondents. MOBIL OIL CORP., Third-Party Plain-

tiff, v JOHN H. COURTNEY, Third-Party Defendant-Respondent. RASIM MUTLU, Third-Party Plaintiff, v JOHN H. COURTNEY, Doing Business as COURTNEY's MOBIL OIL, Third-Party Defendant-Respondent. [610 NYS2d 907] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Factual issues exist whether defendant Mutlu, the lessee of the premises, provided the ladder involved in this incident, whether the ladder was defective, and whether the accident was caused by the ladder, the alleged slippery condition of the floor, or a combination of both. Thus, Supreme Court erred in dismissing the common-law negligence causes of action asserted against Mutlu and defendant Mobil Oil Corp., the owner of the premises. We modify the order to reinstate those causes of action.

Supreme Court properly granted summary judgment dismissing the Labor Law § 241 (6) cause of action against Mobil and Mutlu (see, Gibson v Worthington Div., 78 NY2d 1108, 1109; Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577; Meehan v Mobil Oil Corp., 184 AD2d 1021, 1022, lv dismissed 80 NY2d 925). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.