■ ROSEMARY VILARDI et al., Respondents-Appellants, v DAVID L. BERLEY et al., Appellants-Respondents. RAY LACHAPPELLE & SONS, INC., Third-Party Defendant-Respondent. [608 NYS2d 243] —In an action to recover damages for personal injuries and wrongful death, etc., based on alleged negligence and violations of the Labor Law, (1) the defendants separately appeal, as limited by their notices of appeal and briefs, from stated portions of an order of the Supreme Court, Suffolk County (Oshrin, J.), entered July 2, 1991, which, *inter alia,* denied, in whole or in part, stated portions of their respective cross motions for summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against each of them, and any cross claims against each of them, and (2) the defendant Boschen Iron Works All Welding, Inc., appeals from so much of an order of the same court, entered January 15, 1992, as, upon reargument, adhered to its original determination with respect to its cross motion, and the plaintiffs cross-appeal (1) from so much of the order entered July 2, 1991, as denied their motion for partial summary judgment in their favor on their cause of action based upon Labor Law § 240, and granted those branches of the cross motions of the defendants David I. Berley, Walsam 29, Co., and Ross Network, Inc., for partial summary judgment dismissing the plaintiff's cause of action under Labor Law § 240, and (2) from so much of the order of the same court, entered January 15, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal by Boschen Iron Works All Welding, Inc., and the cross appeal by the plaintiffs from the order entered July 2, 1991, are dismissed, as the portions of the order challenged on that appeal and cross appeal were superseded by the order entered January 15, 1992, made upon reargument; and it is further,

Ordered that the order entered July 2, 1991, is modified on the law, by deleting the provisions thereof denying those branches of the cross motions of the defendants David I. Berley, Walsam 29, Co., and Ross Network, Inc., for partial

summary judgment dismissing the plaintiffs' cause of action based on common law negligence insofar as it is asserted against them, and any cross claims against each of them, and substituting therefor provisions granting those branches of the cross motions; and it is further,

Ordered that the order entered January 15, 1992, is reversed insofar as appealed from, on the law, the provision thereof which adhered to the original determination denying the cross motion of the defendant Boschen Iron Works All Welding, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it, is deleted, and a provision granting that cross motion is substituted therefor, and the provision in the order entered July 2, 1991 which denied the cross motion of the defendant Boschen Iron Works All Welding, Inc., for summary judgment is vacated; and it is further,

Ordered that the order entered January 15, 1992, is affirmed insofar as cross-appealed from by the plaintiffs, and upon searching the record, the plaintiffs' complaint is dismissed in its entirety; and it is further,

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs, payable by the plaintiff.

The defendant Ross Network, Inc. (hereinafter Ross), which leased office space from defendants David I. Berley and Walsam 29, Co. (hereinafter Berley and Walsam, respectively), was in the process of moving to another location. Ross hired the third-party defendant Ray LaChappelle & Sons, Inc. (hereinafter LaChappelle) to move their printing press. LaChappelle determined that the press would have to be moved, by crane, out of the sixth floor window and onto a truck waiting in the street below. LaChappelle made all the arrangements for the removal of the press, and hired defendant Bochen Iron Works All Welding, Inc. (hereinafter Boschen) to remove certain window panes in order to allow the press to fit through the window. Boschen was given the specific dimensions of the glass to be removed, and removed the glass several days before the accident. On the day of the actual removal of the press, LaChappelle employees put the press on rollers and moved it to the window. Sufficient glass was removed from the window in order for the press itself to clear the window. However, the shackle attaching the press to the crane did not clear the window. The decedent Ross Vilardi (hereinafter the decedent) climbed on top of the press to

dislodge the shackle. When the shackle was dislodged, the press swung out the window, and the decedent fell, sustaining fatal injuries. The plaintiff Rosemary Vilardi, as the administratrix of her husband's estate, commenced this action against Berley, Walsam, Ross and Boschen, alleging causes of action based on violations of the Labor Law, and common law negligence.

We agree with the Supreme Court that the plaintiffs do not state a cause of action under Labor Law § 240 (1). The act of removing the printing press itself does not fall under any of the enumerated activities covered under the statute *(see, Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592; *Manente v Ropost, Inc.,* 136 AD2d 681; *Malczewski v Cannon Design,* 125 AD2d 941). Even if the temporary removal of the windows could be deemed an "alteration" of the building so that the window removal could come within the statute, the decedent's activity of removing the printing press is not a covered activity simply because it took place at the same work site as the removal of the window *(see, Groger v Morrison-Knudsen Co.,* 184 AD2d 620; *Sandi v Chaucer Assocs.,* 170 AD2d 663). The cases cited by the plaintiffs stand for the proposition that when an injured plaintiff's work is incidental to or an integral part of the activity covered under Labor Law § 240 (1), then the plaintiff may recover when his injury was caused by the failure to provide the proper protection required under the statute *(see, Martin v Back O'Beyond,* 198 AD2d 479; *Farrell v City of New York,* 162 AD2d 655; *Adams v Alvaro Constr. Corp.,* 161 AD2d 1014; *Brogan v International Bus. Machs. Corp.,* 157 AD2d 76). In this case, however, the temporary removal of the window was incidental to the main work of moving a printing press. "Moving" is not one of the enumerated activities covered under the statute. Therefore, we find that the plaintiffs cannot recover under Labor Law § 240 (1), because the decedent's activity cannot be considered a covered activity, nor can it be considered incidental to or an integral part of a covered activity.

We consider the plaintiffs' contention that they are entitled to partial summary judgment on the issue of liability under Labor Law § 241 (6), raised for the first time on appeal, because it concerns an issue of law apparent on the face of the record which could not have been avoided by the opposing party if brought to their attention at the proper juncture *(see, Libeson v Copy Realty Corp.,* 167 AD2d 376; *Block v Magee,* 146 AD2d 730). However, we find that in order to recover under Labor Law § 241 (6), the plaintiffs must first show that

the decedent was engaged in construction, excavation, or demolition work. In no sense can the decedent's work be deemed construction, excavation, or demolition work *(see,* 12 NYCRR 23-1.4; *Kesselbach v Liberty Haulage,* 182 AD2d 741).

We also find that the plaintiffs failed to rebut each defendants' prima facie showing that they were not negligent. Labor Law § 200 is a codification of common-law negligence *(see, Lombardi v Stout,* 80 NY2d 290; *Copertino v Ward,* 100 AD2d 565). Under this provision, the owner or general contractor is not liable where the accident arises out of a defect in the subcontractor's tools, equipment, or methods of operation *(see, Copertino v Ward, supra).* Ross, Walsam and Berley have shown that they did not assist in the removal of the press in any way. As for the defendant Boschen, it was engaged merely to remove the window panes. While the plaintiffs contend that Boschen may not have removed the panes according to LaChapelle's specifications, and therefore its failure to remove sufficient window pane may have caused the shackle to become stuck, on this record that contention is pure speculation. Since the plaintiffs have failed to rebut each defendant's prima facie showing of entitlement to judgment as a matter of law, the defendants should have been granted summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557). Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.