■ GERARDO FERNANDEZ, Respondent, v BROADWAY PLAZA ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. PHOENIX ABATEMENT CONTROL, INC., Third-Party Defendant-Appellant. [626 NYS2d 166] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about June 1, 1994, which, insofar as appealed from, granted plaintiff worker's motion for summary judgment against defendants and third-party plaintiffs landowners on the issue of liability under Labor Law § 240 (1), and granted defendants and third-party plaintiffs' cross motion for summary judgment against third-party defendant-appellant contractor, unanimously affirmed, with costs.

Summary judgment was properly granted to plaintiff based on the finding that plaintiff was injured when, following his supervisor's instructions, he stood on an inverted five gallon

pail placed on top of a radiator to perform his job of removing 12-foot high window inlets. It does not avail appellant that adequate safety devices may have been present at the work-site, where plaintiff, far from refusing to use such devices, was instructed to use the pail instead *(see, Hagins v State of New York,* 81 NY2d 921, 922-923; *Hall v Cornell Univ.,* 205 AD2d 872). Nor does it avail appellant that plaintiff did not offer any witness statements corroborating his account of the incident, there being no bona fide issue as to plaintiff's credibility *(Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319).

Summary judgment was also properly granted in the third-party action for indemnification, the evidence establishing that defendants landowners did not direct, control or supervise the work, and thus were liable only vicariously for the third-party defendant contractor's negligence *(Kelly v Diesel Constr. Div.,* 35 NY2d 1). Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.