[637 NYS2d 992]

RICHARD COVEY, Respondent, v IROQUOIS GAS TRANSMISSION SYSTEM, L. P., et al., Appellants.

Third Department, February 29, 1996

APPEARANCES OF COUNSEL

*Carter, Conboy, Case, Blackmore, Napierski & Maloney, P. C.,* Albany *(William J. Greagan* of counsel), for appellants.

*Rowley, Forrest, O'Donnell, Beaumont & Pelersi, P. C.,* Albany *(David P. Miranda, Brian J. O'Donnell* and *Richard W. Bader* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

Plaintiff was injured during the course of his employment with a contractor engaged by defendants to construct a pipeline. The injury occurred after plaintiff, who was responsible for lubrication and fluid maintenance on heavy equipment used on the pipeline project, received a call that a large backhoe used to dig the pipeline ditch was being repaired and needed hydraulic fluid. The backhoe was located adjacent to the pipeline ditch, which was 15 feet deep, and plaintiff was required to climb up onto the machine five feet above ground level to refill the hydraulic fluid tank. As plaintiff positioned himself on the backhoe, he grabbed onto a handrail that ran along the top of the machine. During the uncompleted repair, the mechanic had unbolted the handrail, which came off in plaintiff's hand. As a result, plaintiff fell off the backhoe into the ditch and was injured. Plaintiff commenced this action against defendants, as owners of the pipeline, to recover damages for his injuries alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and negligence. After issue was joined, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Defendants cross-moved to dismiss the complaint in its entirety. Supreme Court granted plaintiff's motion and denied defendants' cross motion, resulting in this appeal by defendants.

According to defendants, Labor Law § 240 (1) is inapplicable because plaintiff was engaged in ordinary maintenance lubrication of heavy equipment, which is not an activity enumerated in the statute (*cf., Rennoldson v Volpe Realty Corp.,* 216 AD2d 912, *lv dismissed* 86 NY2d 837). The argument is meritless. Labor Law § 240 (1) refers to the work contracted for by the owners, and defendants did not contract with plaintiff's employer to perform routine maintenance. Rather, plaintiff's employer was engaged to construct a pipeline, and the maintenance work performed by plaintiff was an integral and necessary part of the construction in that plaintiff's work was required to keep the heavy equipment operating in the

construction of the pipeline. In these circumstances, Labor Law § 240 (1) is applicable despite the fact that the particular job being performed at the moment plaintiff was injured did not in and of itself constitute construction (*see, e.g., Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002; *Brogan v International Bus. Machs. Corp.*, 157 AD2d 76, 79; *compare, Vilardi v Berley*, 201 AD2d 641, 643, *lv denied* 83 NY2d 760).

We also find no merit in defendants' claim that Labor Law § 240 (1) is inapplicable because the backhoe from which defendant fell is not a structure within the meaning of the statute. As noted above, the work contracted for by defendants was the construction of a pipeline. The relevant inquiry, therefore, is whether the pipeline is a structure within the meaning of Labor Law § 240 (1), and clearly it is (*see, Cox v LaBarge Bros. Co.* [appeal No. 2], 154 AD2d 947, 947-948, *lv dismissed* 75 NY2d 808; *Kahn v Gates Constr. Corp.*, 103 AD2d 438, 447). The question of whether the backhoe is a structure is irrelevant.

Also irrelevant is the fact that the particular construction in this case involved excavation. Plaintiff was required to climb up five feet onto a machine that was positioned next to a ditch that was 15 feet deep. Clearly, plaintiff's injury, which occurred when he fell from the top of the machine to the bottom of the ditch, arose out of a risk related to the effects of gravity created by the difference between the elevation level of the required work—the top of the backhoe—and a lower level—the bottom of the ditch—which is a special hazard contemplated by Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Plaintiff meets the falling worker or falling object test prescribed by the Court of Appeals (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501) and, therefore, Labor Law § 240 (1) is applicable.

The dissenters' reliance on the "routine maintenance" cases is clearly misplaced, for in each case the worker was injured while engaged in work that was " 'routine maintenance *in a non-construction, non-renovation context*' " (*Havens v Witte*, 214 AD2d 958, 959 [emphasis supplied]). In contrast, plaintiff's injury herein clearly occurred in a construction context. He was employed at a construction site by a contractor who was engaged by the owners to erect a structure. The accident occurred in an area where construction work was being performed, while plaintiff was working on a piece of equipment that was being used in the ditch-digging phase of the construction work. Plaintiff's task was an essential part of the work

required to enable the equipment to resume its ditch-digging function.

In essence, the dissenters would limit the protection afforded by Labor Law § 240 (1) to those workers who are directly engaged in the actual construction work itself. The courts, however, have routinely rejected such a narrow construction of the statute (*see, e.g., Lombardi v Stout*, 80 NY2d 290, 296 [worker injured while cutting down a tree near a house that was to be remodeled]; *Brogan v International Bus. Machs. Corp.*, 157 AD2d 76, 79, *supra* [worker injured while moving some stored construction materials]). Nor does this case bear any similarity to *Sprague v Louis Picciano, Inc.* (100 AD2d 247, *lv denied* 62 NY2d 605), where a worker was injured while unloading pipe which had been purchased by the owner pursuant to a contract separate and distinct from the construction contract and which was delivered in a parking lot that did not constitute an area where construction was being performed.

One dissenter would also insulate defendants from liability under Labor Law § 240 (1) on the theory that plaintiff was not exposed to an elevation-related hazard, a theory that is difficult to reconcile with plaintiff's 20-foot fall. Plaintiff's work on the backhoe exposed him to the significant risk inherent in the 20-foot differential between the elevation level of the required work on top of the backhoe and a lower level at the bottom of the adjacent ditch, which clearly meets the definition of an elevation-related risk (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514, *supra*). Plaintiff fell from the height created by the elevation level differential, which is one of the "special hazards" at which Labor Law § 240 (1) is aimed (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501, *supra*). The courts have found no elevation-related risk when the elevation level differential is minimal (*see, e.g., Rocovich v Consolidated Edison Co., supra* [12-inch differential]; *Cipolla v Flickinger Co.*, 172 AD2d 1064, 1065 [18-inch differential]). One dissenter would apparently extend the holdings to plaintiff's 20-foot fall upon the theory that 15 feet of the fall should be disregarded because the location of the five-foot-high backhoe next to the 15-foot-deep ditch was "fortuitous". There is no basis in law or in fact to engage in such a fiction.

The undisputed facts are that there was an actual elevation level differential of 20 feet from the top of the backhoe, where plaintiff worked, to the bottom of the adjacent ditch, and plaintiff actually fell the full 20 feet. Neither the language of Labor Law § 240 (1) nor any judicial interpretation of that

language provides a basis for limiting the protection afforded by the statute to only a portion of a work-related elevation level differential. Plaintiff was required to perform construction-related work in a place that exposed him to a 20-foot height differential and, therefore, pursuant to the requirement of Labor Law § 240 (1), he should have been provided with the necessary safety devices to protect him from falling off the backhoe into the ditch.

Having concluded that Supreme Court correctly held defendants liable to plaintiff under Labor Law § 240 (1), we see no need to consider defendants' arguments addressing the validity of the other theories of liability asserted in plaintiff's complaint. It is clear from the record that plaintiff's damages are the same regardless of the theory of liability, and plaintiff can only recover these damages once. Inasmuch as defendants are liable to plaintiff under Labor Law § 240 (1) for the only damages that plaintiff can recover, defendants' arguments concerning the validity of the other theories of liability contained in the complaint are academic.

CREW III, J. (dissenting). I respectfully dissent. Initially, I cannot subscribe to the majority's view that plaintiff indeed was engaged in one of the enumerated activities set forth in Labor Law § 240 (1). In this regard, I do not dispute that the pipeline in question is a relevant "structure" within the meaning of the statute, nor do I have any quarrel with the proposition that the backhoe was an integral part of the construction process. The record reveals, however, that plaintiff was doing nothing more than routine maintenance, albeit in a construction context (*compare, Rennoldson v Volpe Realty Corp.*, 216 AD2d 912, *lv dismissed* 86 NY2d 837; *Havens v Witte*, 214 AD2d 958; *Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv denied* 85 NY2d 803; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592), and I simply do not believe that such activity falls within the purview of Labor Law § 240 (1). To be covered under Labor Law § 240 (1), *plaintiff's work* had to be either incidental to or an integral part of the construction of the pipeline (*see generally, Vilardi v Berley*, 201 AD2d 641, 643, *lv denied* 83 NY2d 760; *Cox v LaBarge Bros. Co.* [appeal No. 2], 154 AD2d 947, *lv dismissed* 75 NY2d 808); such is not the case here. Indeed, plaintiff's activity here was more akin to the delivery of materials to a construction site than it was to the performance of a task that was an integral part of the construction process (*cf., Sprague v Louis Picciano, Inc.*, 100 AD2d 247, *lv denied* 62 NY2d 605).

Moreover, even assuming that routine maintenance tasks fall within the protection of the statute, plaintiff's fall from the backhoe is not the type of elevation-related hazard contemplated by Labor Law § 240 (1) (*see, Colopy v McCombs*, 203 AD2d 920, 921 [the plaintiff's fall from a truck was found not to be the kind of fall from an elevated work site intended to be covered by the statute]). Although there was indeed an elevation differential between the top of the backhoe and the bottom of the ditch, this was due entirely to the fortuitous location of the backhoe at that point in time which, in my view, is not sufficient to bring plaintiff within the protection of the statute. Accordingly, I would deny plaintiff's motion for partial summary judgment on this cause of action and grant defendants' cross motion for similar relief. With respect to plaintiff's remaining causes of action, although defendants' cross motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action should be granted (*see, Walton v Devi Corp.*, 215 AD2d 60, 63), questions of fact remain regarding plaintiff's Labor Law § 200 cause of action.

WHITE, J. (dissenting). I respectfully dissent. I disagree with the majority's premise that the applicability of Labor Law § 240 (1) depends upon the work contracted for by the owner rather than the particular job being performed by the injured worker, since not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240 (1) (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490). Thus, the nature of the activity in which the worker was engaged at the time of injury should be the determinative factor in the application of the subject statute. Accordingly, since plaintiff was engaged in the routine maintenance of a structure at the time of his injury, I conclude that he does not have a Labor Law § 240 (1) claim (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002). The cases of *Mosher v St. Joseph's Villa* (184 AD2d 1000) and *Brogan v International Bus. Machs. Corp.* (157 AD2d 76), relied upon by the majority, are not inapposite since the plaintiffs therein were engaged in activities that were an integral part of the construction of a building or structure. For these reasons, I would reverse, deny plaintiff's motion and grant defendants' cross motion for summary judgment dismissing plaintiff's cause of action predicated upon Labor Law § 240 (1).

Likewise, upon the same rationale, I would grant defendants' cross motion as to plaintiff's Labor Law § 241 (6) cause of action (*see, Walton v Devi Corp.*, 215 AD2d 60).

Since a review of the record discloses that both defendants and plaintiff's employer had some degree of supervisory responsibilities over the construction site, I would deny defendants' cross motion insofar as it pertains to plaintiff's Labor Law § 200 cause of action.

MERCURE, J. P., and YESAWICH JR., J., concur with CASEY, J.; CREW III and WHITE, JJ., dissent, each in a separate opinion.

Ordered that the order is affirmed, with costs.