■ JAMES SHIELDS, Respondent, v ST. MARKS HOUSING ASSOCIATES, L.P., Defendant and Third-Party Plaintiff. BLAKEL CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant. [646 NYS2d 854] —In an action to recover damages for personal injuries, the third-party defendant, Blakel Construction Corporation, appeals from an order of the Supreme Court,

Kings County (Kramer, J.), dated October 26, 1995, which, (a) denied its motion for partial summary judgment dismissing the plaintiff's causes of action based upon alleged violations of Labor Law §§ 240, 241 (6), and § 241-a, and (b) granted the plaintiff's cross motion to amend his bill of particulars to allege specific violations of Industrial Code rule 23 (12 NYCRR 23-1.4 [b] [39]).

Ordered that the order is reversed, on the law, with costs, the third-party defendant's motion to dismiss the plaintiff's causes of action based on Labor Law §§ 240, 241 (6), and § 241-a is granted, and the plaintiff's cross motion to amend his bill of particulars to allege specific violations of the Industrial Code is denied as academic.

The plaintiff, a night watchman/security guard employed by the third-party defendant, Blakel Construction Corporation (hereinafter Blakel), was allegedly injured when a ladder which he was climbing tipped, causing him to fall from the third floor to the basement of a building owned by the defendant St. Marks Housing Associates, L.P. (hereinafter St. Marks), and being renovated by Blakel, the general contractor on the project. In order to be entitled to the protection of Labor Law § 241 (6), the plaintiff had to establish, *inter alia,* that he was "permitted or suffered to work on a building or structure" *(Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576; *see also, Jock v Fien,* 80 NY2d 965; *Gibson v Worthington Div.,* 78 NY2d 1108; *Brown v Christopher St. Owners Corp.,* 211 AD2d 441; *Meehan v Mobil Oil Corp.,* 184 AD2d 1021). By the same token, in order to be entitled to the protection of Labor Law § 240 (1), the plaintiff had to show that he was performing work necessary and incidental to the erection or repair of a building or structure *(see, e.g., Lombardi v Stout,* 80 NY2d 290; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Martin v Back O'Beyond,* 198 AD2d 479; *Mosher v St. Joseph's Villa,* 184 AD2d 1000). The plaintiff herein has failed to make such a showing, and his complaint, to the extent it is premised on Labor Law § 240 (1) and § 241 (6) should have been dismissed. Furthermore, Labor Law § 241-a is designed to protect one who is actually engaged in working on a building or structure, and the plaintiff has not established that he was so engaged. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.