■ JOHN A. BOWEN, III, Appellant, v HALLMARK NURSING CENTRE, INC., Defendant and Third-Party Plaintiff-Respondent. BELTRONE CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. [663 NYS2d 933] —Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 26, 1996 in Warren County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied defendant's cross motion for summary judgment for common-law indemnification against third-party defendant.

Plaintiff, an employee of third-party defendant, Beltrone Construction Company, Inc. (hereinafter Beltrone), was injured while working as a mason tender assisting a mason in constructing a block wall. Plaintiff's injury occurred while he was removing the scaffolding planks from the first level of the scaffold and was handing them up to a co-worker on the second level of the scaffold 14 feet above him. This scaffold was adjacent to an open excavation trench which was about 6 to 8 feet deep. Because plaintiff could not lift the planks high enough, he stood on a 16-inch cinder block which he had placed on its end. While passing the planks up to his co-worker, plaintiff fell off the cinder block and into the open trench sustaining permanent injuries.

Plaintiff commenced this action against defendant pursuant to Labor Law § 240 (1), § 241 (6) and § 200 and for ordinary negligence, prompting defendant to commence a third-party action against Beltrone for common-law indemnification for any judgment rendered against it. After some discovery, plaintiff moved for partial summary judgment on the issue of liability

under Labor Law § 240 (1) and defendant cross-moved for summary judgment for common-law indemnification against Beltrone. Thereafter, Beltrone cross-moved for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim based on plaintiff's failure to have sustained an elevation-related injury. Supreme Court granted Beltrone's cross motion and dismissed that cause of action. Additionally, the court denied defendant's cross motion for common-law indemnification finding that questions of fact existed which required jury resolution. Plaintiff appeals the denial of his motion for partial summary judgment and the grant of summary judgment to Beltrone, and defendant appeals the denial of its cross motion for common-law indemnification.

On his appeal, plaintiff correctly claims that Supreme Court erred in dismissing his Labor Law § 240 (1) cause of action for injuries flowing directly from the force of gravity that were proximately caused by defendant's failure to provide or erect those safety devices necessary for the protection of workers from elevation-related hazards and risks (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501). Plaintiff's fall from the 16-inch-high cinder block into the 6 to 8-foot-deep open trench qualifies for the imposition of liability under Labor Law § 240 (1) (*see, Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, *affd* 89 NY2d 952). As in *Fernandez v Broadway Plaza Assocs.* (215 AD2d 217), a case remarkably similar to this one, summary judgment should be granted to plaintiff on this cause of action. Accordingly, we reverse that part of Supreme Court's order which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

On the state of this record, however, it is impossible to ascertain which party supervised, directed or controlled the work site. As we find that a question of facts exists on this issue, summary judgment for defendant on its indemnification claim was properly denied (*see, Szopinski v MJ Mech. Servs.*, 217 AD2d 906, 907, *appeal dismissed* 87 NY2d 861).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment and granted third-party defendant's cross motion for summary judgment regarding plaintiff's Labor Law § 240 (1) cause of action; motion granted, cross motion denied and partial summary judgment awarded to plaintiff on said cause of action; and, as so modified, affirmed.