(August 17, 2000)

■ MICHAEL LONGO, Appellant, v METRO-NORTH COMMUTER RAILROAD et al., Respondents. [712 NYS2d 531] —Order, Supreme Court, New York County (Paula Omansky, J.), entered June 9, 1999, which denied plaintiff's motion for summary judgment on his Labor Law §§ 240, 241 and 241-a claims and granted the cross motion by defendant Yonkers Contracting Company for partial summary judgment dismissing claims under Labor Law §§ 200, 240, 241 and 241-a, unanimously modified, on the law, the cross motion denied, these claims contained in plaintiff's second cause of action reinstated against defendant Yonkers; on a search of the record, summary judgment granted to defendant Metro-North Commuter RailRoad, dismissing the first cause of action; and otherwise affirmed, without costs.

The record reveals that on November 7, 1995, plaintiff was working on a construction site where defendant Yonkers, as the general contractor, was rebuilding a station platform, owned by defendant Metro-North, at the northern end of Grand

Central Station between tracks 39 and 40. The actual construction work, including the pouring of concrete, was performed by a foreman and laborers furnished by Yonkers. Plaintiff, employed and paid by Metro-North, was assigned by his employer, for the duration of the job, to act as "a conductor with flagging duties." As described by him at his deposition, plaintiff's assignment was to protect the Yonkers workers from any dangers arising from moving trains or contact with the third rail, and to prevent any debris, tools or other objects from "fouling" the tracks.

At a lunch break on the day of the accident, the crew members climbed up a five-foot wooden ladder that was placed through a hole in the platform. Plaintiff followed them from track level to the unfinished platform without incident. As part of his work, he then pulled up the ladder and laid it on the platform, but in attempting to negotiate his way through some debris and other construction material and equipment in his path, he allegedly fell backwards through the hole, sustaining serious injury.

We affirm that part of the order appealed from which denied plaintiff's motion for summary judgment, finding triable issues of fact as to the proximate cause of the accident itself. We vacate that portion of the order which held, as a matter of law, that plaintiff was not among the class of workers entitled to protection under Labor Law §§ 240, 241, and 241-a. In reaching that erroneous conclusion, the motion court relied upon three cases that are completely distinguishable on the statutory coverage issue pertinent here. In *Agli v Turner Constr. Co.* (246 AD2d 16), an employee of a real estate management firm was injured on a construction site while en route to take a water meter reading. In *Valinoti v Sandvik Seamco* (246 AD2d 344), a UPS employee was simply reporting to work at his delivery job when he was injured because his employer's place of business was under renovation. And in *Shields v St. Marks Hous. Assocs.* (230 AD2d 903, *lv denied* 91 NY2d 806), a night watchman was injured in the course of his rounds. Obviously, none of those plaintiffs was "performing work necessary and incidental to the erection or repair of a * * * structure" (230 AD2d, at 904), where the opposite result would have followed had that showing been made.

Here plaintiff's situation was markedly different. Rather than an incidental visitor to the construction site, he was an integral part of the work crew, full time on a daily basis. The actual construction team could not safely discharge its duties without his continuous presence on the job. Thus, he is fully

entitled to the same statutory protection as his co-workers (*see,* *O'Connor v Lincoln Metrocenter Partners,* 266 AD2d 60).

Plaintiff's first cause of action rests entirely upon the Federal Employers' Liability Act (FELA), which provides that a railroad is liable in damages to any person suffering injury while "employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier" (45 USC § 51). "It is now well-settled that Congress explicitly directed that FELA wholly preempt state-law remedies for railway employees injured in the course of employment when any part of that employment furthers interstate commerce." (*Rogers v Consolidated Rail Corp.,* 948 F2d 858, 860.) Those allegations are properly alleged and supported in this record.

As we held in *Ganci v Port Auth. Trans-Hudson Corp.* (258 AD2d 386, *appeal dismissed* 93 NY2d 965), Labor Law violations must be excluded from a FELA action, by reason of Federal preemption, and can form no part of the pleadings. We make that direction here. The allegations with respect to the Occupational Safety and Health Act and any other Federal regulations remain intact. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.