Castaneda v Amsterco 67, LLC (2023 NY Slip Op 04921)

Castaneda v Amsterco 67, LLC

2023 NY Slip Op 04921

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 30981/19E Appeal No. 665 Case No. 2022-03262 

[*1]Mark Castaneda, Plaintiff-Appellant,
v
Amsterco 67, LLC, et al., Defendants, Premier Company et al., Defendants-Respondents. (And a Third-Party Action.)

PeÑa & Kahn PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for appellant.
Perry Van Etten Rozanski & Kutner, LLP, New York (Steven Balson-Cohen of counsel), for Premier Company, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Kristen A. Carroll of counsel), for Outsect Incorporated, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 7, 2022, which denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and granted defendants Premier Company's and Outsect Incorporated's cross-motions for summary judgment dismissing the Labor Law §§ 200, 240(1) and 241(6) claims as against them, unanimously modified, on the law, to deny Outsect's cross-motion to the extent it seeks summary judgment dismissing the Labor Law § 200 claim, and otherwise affirmed, without costs.
The court properly dismissed plaintiff's Labor Law § 240(1) claim because plaintiff was not engaged in a protected activity at the time of the accident. Plaintiff's work on a pest control project, which entailed attaching pigeon netting to anchors drilled into the faÇade of the building and setting up spikes on the building's ledges and windowsills, did not effect a "significant physical change to the configuration or composition of the building or structure" so as to constitute an "alteration" under the statute (Joblon v Solow, 91 NY2d 457, 465 [1998]; see also Mananghaya v Bronx-Lebanon Hosp. Ctr., 165 AD3d 117, 124-126 [1st Dept 2018], lv dismissed 33 NY3d 969 [2019]). Plaintiff's reaffixing of some of the anchors to reattach dislodged netting at the moment of injury, even if isolable from the larger project (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]), did not constitute covered "repair" work, as he was not repairing a part of a building or structure (see Labor Law § 240[1]; Manente v Ropost, Inc., 136 AD2d 681 [2d Dept 1988]).
Because plaintiff was not engaged in construction work (see Nagel v D & R Realty Corp., 99 NY2d 98, 102-103 [2002]; Joblon, 91 NY2d at 466), the Labor Law § 241(6) claim was also properly dismissed.
Outsect was not entitled to dismissal of the Labor Law § 200 claim, as it failed to establish as a matter of law that it did not have the ability to supervise or control plaintiff's work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505-506 [1993]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). That Maldonado independently retained plaintiff to assist him with the job does not foreclose the protection of the Labor Law statute because, having been permitted or suffered to perform the work, plaintiff was "within the special class for whose benefit liability is imposed upon contractors, owners and their agents" (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [1990]; see also Longo v Metro-North Commuter R.R., 275 AD2d 238, 239-240 [1st Dept 2000]). Defendants' contention that plaintiff was the sole proximate cause of his accident is unavailing, in light of the differing accounts of how the accident occurred. The Labor Law § 200 claim as against Premier, however, was properly dismissed in the absence of evidence that it supervised or controlled the injury-producing work (see Ross, 81 NY2d at 505-506; Cappabianca, 99 AD3d at 144[*2]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023