Rodriguez v Riverside Ctr. Site 5 Owner LLC (2025 NY Slip Op 00411)

Rodriguez v Riverside Ctr. Site 5 Owner LLC

2025 NY Slip Op 00411

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 300022/17 Appeal No. 3585 Case No. 2023-06105 

[*1]Richard Rodriguez, Plaintiff-Appellant,
v
Riverside Center Site 5 Owner LLC et al., Defendants-Respondents. [And Third-Party Actions]

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (I. Paul Howansky of counsel), for Riverside Center Site 5 Owner LLC, Monk, LLP and Tishman Construction Corporation, respondents.
McMahon, Marine & Gallagher, LLP, Brooklyn (Eartha Jn. Baptiste of counsel), for Five Star Electric Corp., respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about October 27, 2023, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendant Five Star Electric Corp. (Five Star) motion for summary judgment dismissing the Labor Law §§ 200, 240 (1), and 241 (6) claims as against it, denied plaintiff's motion for leave to amend his bill of particulars to assert a violation of an additional Industrial Code (12 NYCRR) regulation, and, thereupon, for partial summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) claims, and granted the cross-motion of defendants Riverside Center 5 Owner LLC (Riverside) and Tishman Construction Corporation (Tishman, together with Five Star and Riverside, defendants) for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against them, unanimously modified, on the law, to deny defendants' motions as to the Labor Law § 240(1) claim, that claim reinstated, and to grant plaintiff's motion to the extent of granting him partial summary judgment as to liability on that claim, and otherwise affirmed, without costs.
Plaintiff was injured while working as a delivery truck driver for third-party defendant Port Morris Tile Corp. (Port Morris). Plaintiff had just completed a delivery of tiles for other employees to install when he stepped and fell into a two-foot by three-foot hole near a temporary loading dock ramp. Riverside owned the premises, Tishman was the construction manager for the work taking place, and Five Star was the electrical contractor responsible for installing temporary lighting during the project.
Labor Law § 240(1) protects persons engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." The task that a plaintiff is performing at the exact moment of their accident is not dispositive of whether they were engaged in a protected activity for purposes of liability under this statute (see generally Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]). Rather, the inquiry includes whether the plaintiff's employer was contracted to perform the kind of work enumerated in the statutes (see Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109 [1991]) and whether the plaintiff was performing work "necessary and incidental to" a protected activity (Nagel v Metzger, 103 AD2d 1, 9 [4th Dept 1984]; see e.g. Longo v Metro-North Commuter R.R., 275 AD2d 238, 239 [1st Dept 2000]). Because plaintiff's work in delivering and unloading tiles to be used in the activity covered by Labor Law § 240(1) was "necessary and incidental" to the protected activity, he was within the class of workers protected by those statues, notwithstanding that he was not assigned to participate in the installation of the tiles (see Saint v Syracuse Supply Co., 25 NY3d 117, 125 [2015] [rejecting an interpretation of Labor Law § 240(1) that "would compartmentalize a plaintiff's activity and exclude from the statute's coverage preparatory work essential to the enumerated act"]; Prats, 100 NY2d at 882 ["It is neither pragmatic nor consistent with the spirt of the statute to isolate the moment of injury and ignore the general context of the work"]; Rodriguez v Riverside Ctr. Site 5 Owner LLC, 231 AD3d 603, 604 [1st Dept 2024] [holding that a worker washing a cement truck following a cement delivery to a construction site was covered by Labor Law § 240(1)]). Accordingly, plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim should have been granted, and defendants' motions should have been denied insofar as they sought summary judgment dismissing that claim.[FN1]
However, we affirm the award of summary judgment to Five Star dismissing the Labor Law § 200 claim as against it, but on a different rationale than that offered by the motion court. Although the class of persons protected by Labor Law § 200(1) is broader than that protected by Labor Law §§ 240(1) and 241(6), Labor Law § 200 only applies to owners, general contractors, and their statutory agents (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]; Alfonseca v Van-Tag Constr. Corp., 39 AD3d 266, 266 [1st Dept 2007]). "To be treated as a statutory agent, the subcontractor must have been delegated the supervision and control either over the specific work area involved or the work which [gave] rise to the injury. If the subcontractor's area of authority is over a different portion of the work or a different area than the one in which the plaintiff was injured, there can be no liability under this theory" (Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011] [internal quotation marks omitted]). Here, Five Star's work as the electrical contractor was limited to providing electrical installation and temporary lighting, and did not encompass either tile work or maintaining the temporary ramp or surrounding areas. Accordingly, the Labor Law § 200 claim was properly dismissed as against Five Star on the basis that it was not a proper Labor Law defendant.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025

Footnotes

Footnote 1: Since we are granting plaintiff partial summary judgment as to liability on his Labor Law § 240(1) claim, his claim under Labor Law § 241(6) is rendered academic and need not be addressed (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]).