■ EDWARD GIACOMAZZO, Respondent, v EXXON CORPORATION, Appellant, et al., Defendant. (And a Third-Party and Second Third-Party Action.)—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 26, 1991, which denied the defendant Exxon Corporation's motion for summary judgment, modified, on the law, to grant Exxon's motion for summary judgment dismissing the plaintiff's claim alleging violations of Labor Law § 200, on consent, and otherwise affirmed, without costs.

While employed by the third-party defendant Alvin Petroleum Systems, Inc. ("Alvin") on December 19, 1988, the plaintiff sustained injuries when he fell into a pump basin whose manhole cover had been removed by another Alvin employee. The plaintiff had been unloading gasoline pumps that were to be installed at the defendant L&R Service Station from a truck. The defendant Exxon Corporation alleged that it sublet the property to L&R and hired Alvin to remove and replace old gas pumps and tanks at the station.

The plaintiff instituted this action against Exxon and L&R alleging negligence and violations of the Labor Law. Exxon thereafter moved for summary judgment dismissing the complaint on the ground that it did not own, occupy, control, manage or supervise the property where the plaintiff was injured and on the ground that its conduct was not the proximate cause of the plaintiff's injuries. The Supreme Court denied Exxon's motion in its entirety.

After the Supreme Court denied Exxon's motion, further discovery was completed in this matter, and the plaintiff now consents to the dismissal of the claims brought pursuant to section 200 of the Labor Law as against Exxon only. Accordingly, we modify the order of the Supreme Court to dismiss these claims.

The order is, however, otherwise affirmed since we agree with the Supreme Court that questions of fact exist with regard to the remainder of the plaintiff's claims. Although

Exxon contends, *inter alia,* that it is not liable under Labor Law § 241 (6) because it is not an "owner" and because the dangerous condition on the property, caused by the plaintiff's co-worker, was an intervening act which was not a foreseeable consequence of any negligence that may be attributed to Exxon, Exxon has failed to make a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

Labor Law § 241 (6) imposes a nondelegable duty on contractors and owners *(Long v Forest-Fehlhaber,* 55 NY2d 154) and liability may attach regardless of their control, direction or supervision of the work site *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Sergio v Benjolo N.V.,* 168 AD2d 235). Exxon never produced documentation definitively establishing its claim that it was a lessee rather than an owner of the property. It cannot escape liability by demonstrating that it delegated the responsibility for its duties under section 241 (6) to its lessee L&R *(see, Sergio v Benjolo N.V., supra; Sperber v Penn Cent. Corp.,* 150 AD2d 356; *Celestine v City of New York,* 86 AD2d 592, *affd* 59 NY2d 938). The record reveals that Exxon leased the property to L&R, retained the right of entry and access to the premises and hired Alvin to perform the construction work. Accordingly, issues of fact exist as to whether Exxon was an "owner" pursuant to Labor Law § 241 (6) precluding the award of summary judgment *(see, DeFreece v Penny Bag,* 137 AD2d 744; *Copertino v Ward,* 100 AD2d 565). Any issues as to causation and foreseeability must also await determination by the trier of fact *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308).

Exxon's motion for summary judgment dismissing the plaintiff's Labor Law § 240 (1) claims was also properly denied. The plaintiff alleged that he was injured while removing gasoline pumps from the mechanically operated hoist tailgate of a truck which hoist had been elevated four feet from the ground. In the course of doing so, he stepped backward into an uncovered basin and one of the pumps fell from the hoist tailgate and onto the plaintiff, causing his injuries *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

We have considered Exxon's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.

Kupferman, J., concurs in part and dissents in part in a memorandum as follows: While I concur with the court's opinion with respect to Labor Law §§ 200 and 241 (6), I dissent

and would grant summary judgment to the defendant with respect to Labor Law § 240 (1).

The risk involved was not elevation-related *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 515).