■ MICHAEL MASTIN et al., Plaintiffs, v ALBANY HOUSING AUTHORITY, Appellant, and A.J. ECKERT COMPANY, INC., Respondent. [641 NYS2d 197] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Conway, J.H.O.), entered January 11, 1995 in Albany County, upon a verdict rendered in favor of plaintiffs against defendant Albany Housing Authority, (2) from a judgment of said court, entered January 18, 1995 in Albany County, upon a dismissal of the complaint and cross claims against defendant A.J. Eckert Company, Inc. at the close of the evidence, and (3) from an order of said court, entered February 1, 1995 in Albany County, which denied defendant Albany Housing Authority's motion to set aside the verdict.

Plaintiff Michael Mastin (hereinafter plaintiff), an outside planning engineer for New York Telephone Company, sued defendant Albany Housing Authority (hereinafter AHA) as owner and defendant A.J. Eckert Company, Inc. (hereinafter Eckert), a construction company engaged in renovation work at a building in Albany, for injuries sustained when he fell into an uncovered opening in the floor of the meter room located in the basement of the building. The opening, which was normally topped with a wooden cover, led to a crawl space beneath the meter room. The crawl space extended 240 feet from the meter room to a boiler room at the opposite end of the building. The boiler room also contained a crawl space opening. A third access to the crawl space was available from a room in the middle of the building. Eckert's renovation work involved the boilers and heating systems of the building, along with miscellaneous electrical and exterior work, and the project required Eckert employees and subcontractors to work in the crawl space. AHA and Eckert cross-claimed against each other.

At the close of the trial evidence, Eckert moved for dismissal of the complaint and the cross claim against it for failure of the proof to establish a question of fact as to Eckert's direction or control over any work in the meter room or any showing that Eckert caused or contributed to plaintiff's injury. Eckert's motion was granted. The remainder of the action was submitted to the jury which rendered a verdict in favor of plaintiffs against AHA. AHA appeals from the judgment entered on the jury's verdict.* AHA also appeals from the denial of its motion made after trial to set aside the verdict and the judgment on the ground that dismissal of Eckert from the case was erroneous.

---

* By its brief AHA has limited its appeal to its claim that Supreme Court erred in dismissing the complaint and its cross claim against Eckert at the close of the evidence.

We disagree with AHA's contentions and affirm the judgments and order of Supreme Court. Plaintiffs' amended complaint alleges that Eckert had control over and access to the meter room where plaintiff was injured and thus alleges a breach of common-law negligence and a violation of Labor Law § 200. Common-law liability for a dangerous condition on property is based upon occupancy, ownership, control or special use of the property (*see, Warren v Wilmorite, Inc.,* 211 AD2d 904, 905; *see also, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957). As to Labor Law § 200, which codifies a landowner's and general contractor's common-law duty to provide a safe place to work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505), liability is imposed if it is shown that the party to be charged exercised some supervisory direction or control over the operation and that the party had actual or constructive notice of the alleged unsafe condition that caused the accident (*see, Houde v Barton,* 202 AD2d 890, 891, *lv dismissed* 84 AD2d 977). The evidence here was insufficient to prove that Eckert exercised direction or control over the meter room or that it had actual or constructive notice of any unsafe conditions which led to plaintiff's injuries.

Although Eckert's employees were required by the contract with AHA to renovate the boiler and heating systems in the building, and to that end were required to work in the crawl space beneath the building and were also required to provide adequate safety measures for the protection of their employees and others, there was no showing that Eckert's employees or subcontractors did any work in the meter room or stored any equipment there. To the contrary, there was testimony from both Eckert's site supervisor and the project manager that not only was none of their work performed in the meter room, but that the meter room opening to the crawl space was not used as a means of access since Eckert's tools were stored in the middle room with the access opening, as that was the only place big enough for a staging area that would accommodate 20-foot-length pipes.

Furthermore, there was no evidence that Eckert or its employees had ever been observed entering the meter room or using it for access or egress from the crawl space, and there is no evidence as to how the cover of the opening into which plaintiff fell was removed or who removed it. AHA relies on mere speculation that because Eckert employees worked beneath the meter room, they would likely have had occasion to use the access opening in the meter room to go to and from their work. There are no facts from which it could be inferred that Eck-

ert's employees or subcontractors were responsible for leaving the opening through which plaintiff fell uncovered. Due to the lack of proof, AHA failed to demonstrate a prima facie case based on common-law negligence or Labor Law § 200. The judgments and order appealed from should, therefore, be affirmed.

Cardona, P. J., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgments and order are affirmed, with costs.