■ John F. Armer et al., Appellants-Respondents, v General Electric Company, Respondent-Appellant. (And a Third-Party Action.) [659 NYS2d 916] —Spain, J. Cross appeals from an order of the Supreme Court (Kahn, J.), entered January 29, 1996 in Albany County, which denied plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's cross motion for summary judgment dismissing the complaint.

At all times herein relevant, plaintiff John F. Armer (hereinafter plaintiff) was an electrician employed by third-party de-

fendant, Anything Electric Contractors Company, Inc. (hereinafter AECC). AECC contracted with defendant to renovate electrical systems at defendant's plant located in the Town of Bethelehem, Albany County. On May 2, 1994, plaintiff was assigned to a team charged with the task of installing an electrical control cabinet, weighing approximately 1,000 to 1,500 pounds, on the floor of one of defendant's motor control buildings. The cabinet was delivered to the sidewalk in front of the building on a wooden pallet; it had to be transported from the sidewalk to the door of the building so that it could be moved across the floor of the building to a point where it would be bolted to the floor.

In the process of moving the cabinet from the sidewalk to the building it had to be removed from the pallet. In order to facilitate the removal of the pallet, a forklift was engaged to raise the cabinet approximately 12 inches from the ground. The cabinet tipped over onto plaintiff as he was assisting a co-worker who was attempting to pull the pallet out from under the cabinet; he suffered severe injuries to his leg. The cabinet was not lashed, tied or otherwise secured to the forklift. Defendant's safety investigation team responded to the accident shortly thereafter and prepared an incident report wherein the causes of the accident were determined to be (1) the high center of gravity on slope, (2) the load not tied off, and (3) insufficient communication among the workers (no one in charge); the report also indicated that the primary cause of the accident was "an improperly secured load".

Plaintiff and his wife commenced the instant action alleging three causes of action: a Labor Law § 240 claim, a Labor Law § 241 (6) claim and a derivative claim for, *inter alia*, loss of consortium. Defendant answered, pleaded several affirmative defenses and commenced a third-party action against AECC. Plaintiffs moved for partial summary judgment on the issue of Labor Law § 240 (1) liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions, without prejudice, finding that not enough discovery had been completed. Both parties appeal.

Although it is our view that plaintiff was an employee engaged in the renovation of the electrical system of a building at the time of the accident (*see generally, Cox v International Paper Co.*, 234 AD2d 757), we still conclude that his injury is not actionable under Labor Law § 240 (1). The instant matter is analogous to facts as set forth in *Abreu v Manhattan Plaza Assocs.* (214 AD2d 526, *lv denied* 86 NY2d 707), wherein it was determined that Labor Law § 240 (1) was not intended to apply

to a worker who was injured when an electrical transformer fell on his hand as he was attempting to remove a pallet which was underneath it (*see, id.*, at 527). "Where, as here, a worker is struck by an object positioned at the same level as his worksite, the statute does not apply" (*Malecki v Wal-Mart Stores*, 222 AD2d 1010 [citations omitted]; *see, Klien v County of Monroe*, 219 AD2d 846, *lv denied* 87 NY2d 804; *Genco v City of New York*, 211 AD2d 615, *lv denied* 85 NY2d 806).

Next, it is well settled that in order to sustain a violation of Labor Law § 241 (6), a worker must prove that the employer, contractor or landowner failed to provide reasonable and adequate protection and safety for workers or failed to comply with a specific, concrete safety directive issued by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505). Moreover, " 'a plaintiff must show that the defendant breached a regulation containing specific commands and standards as opposed to one that merely incorporates the general common-law standard of care' " (*White v Sperry Supply & Warehouse*, 225 AD2d 130, 134, quoting *Baird v Lydall Inc.*, 210 AD2d 577, 578). Here, plaintiffs' allegations of a violation of 12 NYCRR 23-9.2 (c) merely sets forth general safety standards (*see, Phillips v City of New York*, 228 AD2d 570), and this provision is, therefore, legally insufficient to support plaintiffs' claimed violations of the nondelegable duty imposed by Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501-505; *Dorr v General Elec. Co.*, 235 AD2d 883, 884).

Finally, "liability is imposed [pursuant to Labor Law § 200] if it is shown that the party to be charged exercised some supervisory direction or control over the operation and that the party had actual or constructive notice of the alleged unsafe condition that caused the accident" (*Mastin v Albany Hous. Auth.*, 226 AD2d 995, 996; *see, Houde v Barton*, 202 AD2d 890, 891, *lv dismissed* 84 NY2d 977). Here, the record reveals that plaintiff's injuries arose out of the method and manner that he and his co-workers used in removing the wooden pallet; significantly, plaintiffs have failed to refute defendant's contention that its employees did not supervise or control this aspect of plaintiff's work. Accordingly, liability under Labor Law § 200 cannot be imposed (*see, Comes v New York State Elec. & Gas Co.*, 82 NY2d 876, 877).

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion; cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.