■ RICKY B. MONROE et al., Appellants-Respondents, v RICHARD BARDIN et al., Appellants, and ADIRONDACK LOG HOMES OF LAKE GEORGE, LTD., Respondent-Appellant, et al., Defendants. [671 NYS2d 191] —Mercure, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered January 6,

1997 in Warren County, which, *inter alia*, partially granted a cross motion by defendant Adirondack Log Homes of Lake George, Ltd. for summary judgment dismissing plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action, and denied cross motions by defendants Richard Bardin and Arthur Smith, Jr. for summary judgment dismissing the amended complaint against them.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Ricky B. Monroe (hereinafter plaintiff) in a workplace accident that took place on August 19, 1993. At the time, plaintiff was acting as a subcontractor to defendant Adirondack Log Homes of Lake George, Ltd. (hereinafter Adirondack), the general contractor on a project for construction of a log home for defendants Thomas Garvey and Colleen Garvey on their property in the Town of Chester, Warren County. At approximately 8:00 A.M. on that day, defendant Arthur Smith, Jr. arrived at the site with a tractor-trailer load of logs and lumber. Smith released the straps that secured six banded bundles of materials on the truck, and plaintiff and his two helpers then proceeded to unload the truck by hand. At a time when plaintiff was standing on top of one of the bundles, at an elevation of approximately 7½ to 8 feet above the ground, one or more of the metal bands broke, causing the logs to come loose and plaintiff to be propelled off the trailer. Because he was "pushed out and away from the trailer about five or six feet and the ground at that point sloped down and away from the trailer", plaintiff's total fall was approximately 12 feet. Plaintiff landed on his left foot, causing him to fracture his left heel.

As relevant to this appeal, plaintiffs' complaint alleges Labor Law §§ 200, 240 (1) and § 241 (6) causes of action against Smith, Adirondack and the Garveys, a cause of action sounding in strict products liability against Adirondack and a negligence cause of action against all defendants. Following joinder of issue, plaintiffs moved for partial summary judgment on the issue of Adirondack's liability under Labor Law § 240 (1). Adirondack and Smith each cross-moved for summary judgment dismissing the complaint and all cross claims against them. Defendant Richard Bardin, the owner of the trailer that carried the materials to the job site, cross-moved for summary judgment dismissing the complaint and all cross claims asserted against him or, in the alternative, for summary judgment on his indemnification claim against Smith. Supreme Court denied plaintiffs' motion, partially granted Adirondack's cross motion to the extent of dismissing the Labor

Law § 240 (1) and § 241 (6)* causes of action against it, and denied Bardin's and Smith's cross motions. Plaintiffs, Adirondack, Bardin and Smith now appeal.

Initially, we agree with plaintiffs' contention that Supreme Court erred in denying their motion and granting Adirondack's cross motion for summary judgment on the Labor Law § 240 (1) cause of action. Although we agree that application of Labor Law § 240 (1) is limited to elevation-related risks "where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494), we are not persuaded that this was not such a case. To the contrary, the courts have consistently held that the unloading of building materials constitutes an integral part of a construction project (*see, Orr v Christa Constr.*, 206 AD2d 881; *Cox v LaBarge Bros. Co.*, 154 AD2d 947, *lv dismissed* 75 NY2d 808; *Ploof v B. I. M. Truck Serv.*, 53 AD2d 750, 751, *lv denied* 40 NY2d 803), and in this case the absence of an appropriate safety device such as a forklift, hoist or crane required plaintiff to stand atop the load in connection with the unloading operation. Based upon the record before us, we conclude as a matter of law that the elevation differential between that position and the lower surrounding ground was a proximate cause of plaintiff's injuries (*see, Giacomazzo v Exxon Corp.*, 185 AD2d 145, 146; *Ploof v B. I. M. Truck Serv., supra*). Accordingly, we shall grant plaintiffs partial summary judgment on the issue of Adirondack's liability under Labor Law § 240 (1).

We agree with Adirondack's contention, however, that because it had no control over the unloading process, Supreme Court erred in denying so much of its summary judgment motion as sought dismissal of the Labor Law § 200 and common-law negligence causes of action. Fundamentally, in order to establish a claim under Labor Law § 200, plaintiff was required to show that Adirondack had actual or constructive notice of the unsafe condition and exercised sufficient control over the work being performed to correct or avoid the unsafe condition (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 241 AD2d 650, 651; *Armer v General Elec. Co.*, 241 AD2d 581, 583, *lv denied*

---

* Plaintiffs do not challenge Supreme Court's dismissal of their cause of action alleging a violation of Labor Law § 241 (6).

90 NY2d 812; *Mastin v Albany Hous. Auth.*, 226 AD2d 995, 996). Obviously, neither element was satisfied. The record establishes that Adirondack had no representative on the worksite at the time of the unloading operation and it was not in any event responsible for unloading the logs. In fact, the contract between Adirondack and plaintiff contained the provision that plaintiff "agrees to off load and inspect any and all construction materials upon delivery and to report as soon as possible to [Adirondack] any and all shortages, damaged goods [or] faulty materials".

Next, we conclude that Supreme Court erred in denying so much of Adirondack's motion as was directed at plaintiffs' claim based upon strict products liability. "The courts have consistently limited applicability of strict products liability claims to those who, in some fashion, are within the manufacturing, selling or distribution chain of a particular product" (*Serna v New York State Urban Dev. Corp.*, 185 AD2d 562, 563). Based upon the uncontroverted evidence that either defendant Stranahan Industries, Inc. or defendant Mead Log Homes, Inc. manufactured, bundled, banded, treated and loaded the materials, which were then trucked directly to the job site by Smith, and no showing having been made that Adirondack's activities were so pervasive as to make it a mandatory link in the distributive chain, we perceive no basis for a finding of strict products liability against Adirondack (*see, id.*; *cf., Brumbaugh v CEJJ, Inc.*, 152 AD2d 69). We also note that plaintiffs' claim does not arise out of the condition of the materials purchased by Adirondack but merely the fashion in which they were bound for shipment to the job site.

Finally, in view of the uncontroverted evidence that Smith took no part in banding the bundles or in the loading or unloading of the truck and, in fact, that his sole involvement in the matter was to place nylon straps over the loaded bundles, drive the load to the worksite and then remove the nylon straps, we conclude that Supreme Court should have granted summary judgment dismissing the complaint against him and also against Bardin, as plaintiffs' only claim of liability against the latter is vicarious and dependent upon a finding of liability against Smith (*see,* Vehicle and Traffic Law § 388 [1]).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion and granted defendant Adirondack Log Homes of Lake George, Ltd.'s cross motion for summary judgment on the issue of said defendant's liability under Labor Law § 240 (1), as denied de-

fendant Adirondack Log Homes of Lake George, Ltd.'s cross motion for summary judgment dismissing plaintiffs' causes of action and all cross claims against it based upon Labor Law § 200, common-law negligence, and strict products liability, and as denied the cross motions of defendants Richard Bardin and Arthur Smith, Jr. for summary judgment dismissing all causes of action and cross claims against them; plaintiffs are awarded partial summary judgment on the issue of defendant Adirondack Log Homes of Lake George, Ltd.'s liability under Labor Law § 240 (1), defendant Adirondack Log Homes of Lake George, Ltd. is awarded summary judgment dismissing the remaining causes of action against it, and defendants Richard Bardin and Arthur Smith, Jr. are each awarded summary judgment dismissing the complaint and all cross claims against them; and, as so modified, affirmed.