■ DAMON G. CURLEY, Respondent-Appellant, v GATEWAY COMMUNICATIONS, INC., et al., Defendants, DELLAPENNA BROTHERS, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, and WILLIAM H. LANE, INC., Defendant and Third-Party Plaintiff-Respondent. VELLANO BROTHERS, INC., Third-Party Defendant-Appellant. [672 NYS2d 523] —Cardona, P. J. (1) Cross appeals from an order of the Supreme Court (Coutant, J.), entered May 1, 1997 in Broome County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (2) appeal from an order of said court, entered August 4, 1997 in Broome County, which, upon reargument, adhered to its prior decision denying third-party defendant's motion for summary judgment dismissing the third-party complaints.

Plaintiff commenced this action to recover for injuries sustained in a workplace accident that occurred on August 15,

1991 when he was unloading pipe from a flatbed truck. The complaint alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6), and a common-law negligence claim against defendant Gateway Communications, the owner of the construction site located in the Village of Johnson City, Broome County; defendant William H. Lane, Inc. (hereinafter Lane), the general contractor; defendant Cherco, Inc., a subcontractor hired by Lane for excavation and site work including the installation of underground water lines; and defendant Dellapenna Brothers, Inc., a subcontractor hired by Cherco to install the water lines.

At the time of the accident, plaintiff was employed by third-party defendant, Vellano Brothers, Inc., a supplier for municipal and private water systems. On the day of the accident, plaintiff was directed by Vellano to deliver nine pieces of eight-inch iron ductile pipe in 18 and 20 foot lengths to Dellapenna at the construction site. When he arrived, plaintiff was informed by Florindo Carulli, a Dellapenna employee, that there was no heavy equipment available to unload the pipe. Carulli and plaintiff decided to roll the pipe off the side of the truck. Plaintiff parked the truck by a trench on the side of the road. He and Carulli formed a ramp by placing two pieces of wood against the side of the truck and wedging them to the ground. Plaintiff got on top of the pipe which laid flat on the truck bed and began removing the restraints. The entire load rolled off the side of the truck and carried plaintiff to the ground. One or more of the pipes fell onto plaintiff causing injuries.

Gateway, Lane, Cherco and Dellapenna filed cross claims against each other seeking indemnification and/or contribution. Lane and Dellapenna each served separate third-party complaints against Vellano alleging negligence. Thereafter, plaintiff moved for summary judgment on his Labor Law § 240 (1) claim. Lane cross-moved for summary judgment to dismiss the Labor Law § 200 and common-law negligence claims against it and for indemnification against Dellapenna. Vellano moved for summary judgment dismissing the third-party complaints based upon, inter alia, its lack of supervision and control over the work site. Gateway cross-moved for summary judgment dismissing the complaint and all cross claims against it and also sought indemnification against Lane.

Supreme Court granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, but dismissed the Labor Law § 200 and common-law negligence causes of action against Lane and Gateway. The court also concluded that Lane was conditionally entitled to indemnification from Della-

penna and that Gateway was entitled to indemnification from Lane. Additionally, the court granted summary judgment dismissing the Labor Law § 241 (6) cause of action against all parties. Finally, Supreme Court denied Vellano's motion for summary judgment dismissing the third-party complaints. Vellano moved for reargument and Supreme Court granted the motion, but adhered to its prior decision denying summary judgment on the basis that there were questions of fact regarding Vellano's supervision or control over the work. Plaintiff, Dellapenna and Vellano appeal.

Initially, we agree with plaintiff that his activity in unloading the truck was protected activity under Labor Law § 240 (1) inasmuch as such work was necessary and incidental to the construction project (*see, Monroe v Bardin*, 249 AD2d 650; *Orr v Christa Constr.*, 206 AD2d 881; *Cox v La Barge Bros. Co.*, 154 AD2d 947, *lv dismissed* 75 NY2d 808; *Ploof v B.I.M. Truck Serv.*, 53 AD2d 750, 751, *lv denied* 40 NY2d 803) and because it exposed him to the risk of falling from one elevation level atop the flatbed truck to a lower level, namely, the ground below (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Monroe v Bardin, supra*). Furthermore, we conclude as a matter of law that the absence of an appropriate safety device such as a forklift, hoist or crane was a proximate cause of plaintiff's injuries (*see, Felker v Corning Inc.*, 90 NY2d 219, 224-225; *Monroe v Bardin, supra*; *Ploof v B.I.M. Truck Serv., supra*). Accordingly, Supreme Court properly granted plaintiff partial summary judgment on the issue of liability under Labor Law § 240 (1).

We next address Dellapenna's contention that Supreme Court improperly granted, albeit conditionally, Lane's claim against it for common-law indemnification. It is settled law that where, as here, a general contractor, without fault, has been held vicariously liable under the Labor Law for injuries sustained by a subcontractor's employee due to the subcontractor's negligence, the general contractor will be entitled to common-law indemnification from the subcontractor (*see, Hawthorne v South Bronx Community Corp.*, 78 NY2d 433, 437; *Golda v Hutchinson Enters.*, 247 AD2d 863; *Marek v DePoalo & Son Bldg. Masonry*, 240 AD2d 1007; *Kingston v Hunter Highlands*, 222 AD2d 952, 954; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 992). Here, the record does not support Dellapenna's assertion that Lane exercised control or authority over the work that caused plaintiff's injury so as to defeat Lane's motion for summary judgment. The pipe was ordered by Della-

penna and not Lane. Furthermore, by industry practice, the contractor who orders the pipe has the responsibility to unload it once it is delivered to the construction site. Additionally, Lane's project superintendent did not know about the delivery of the pipe and was not present at the accident scene when it was delivered. Only Carulli, Dellapenna's employee, was present and no one from Lane told him how to unload the pipe. Finally, only plaintiff and Carulli were involved in the actual unloading of the pipe. In the absence of any evidence that Lane directed, supervised or controlled the work that caused plaintiff's injury, we find, as a matter of law, that as between Lane and Dellapenna, only Dellapenna controlled and directed the manner in which the pipe was unloaded (*see, Orr v Christa Constr.*, 206 AD2d 881, *supra*). Therefore, Supreme Court properly determined that Lane was conditionally entitled to indemnification from Dellapenna.

Similarly, because the record discloses that neither Gateway nor Lane exercised any supervisory control over the injury-producing work plaintiff was performing, and that the dangerous condition created by the absence of appropriate equipment arose from Dellapenna's manner or method of unloading the pipe, Supreme Court properly dismissed plaintiff's common-law negligence and Labor Law § 200 claims (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505, *supra*; *Young v Barden & Robeson Corp.*, 247 AD2d 755; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864; *Armer v General Elec. Co.*, 241 AD2d 581, *lv denied* 90 NY2d 812).

Contrary to plaintiff's contention, we also find that Supreme Court properly dismissed his claim under Labor Law § 241 (6). That section "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp., supra*, at 878). Liability under the section is predicated upon a showing that the landowner or general contractor violated a particular regulatory requirement of the Industrial Code that promulgated specific commands and standards rather than one that contained a generalized common-law standard of care (*Armer v General Elec. Co., supra*, at 583; *see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 503-505). Plaintiff alleged violations of 12 NYCRR 23-1.20, which deal with chutes, and 12 NYCRR 23-1.22, regarding structural runways, ramps and platforms, but failed to establish that either regulation applied to the makeshift ramp. The "chute" contemplated by 12 NYCRR 23-1.20 is in the nature of a

conduit used to remove materials and debris from elevated levels of a structure down to a truck. Clearly, this section is inapplicable to the planks wedged against the truck and used for the purpose of unloading the pipe. Similarly, the ramps, runways or platforms contemplated by 12 NYCRR 23-1.22 are those used to transport vehicular and/or pedestrian traffic, not ones constructed to remove pipe from a truck to the ground.

Finally, we find merit to Vellano's claim that its motion for summary judgment dismissing the third-party complaints of Dellapenna and Lane for contribution or indemnification should have been granted. Vellano's proof established that the purchaser was responsible for unloading the delivery; that Dellapenna had assumed responsibility for unloading deliveries of pipe in the past; that no Vellano employee besides plaintiff was at the site to supervise or control the unloading; that plaintiff never sought direction from Vellano on how to unload the pipe when he discovered that there was no equipment available for that purpose; and that Vellano never directed plaintiff to unload the pipes by rolling them off the truck. Furthermore, Vellano did not have actual or constructive notice of the dangerous condition created by the absence of the appropriate equipment. Thus, in our view, Vellano tendered sufficient evidence to satisfy its initial burden of demonstrating entitlement to summary judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557).

Evidence from Dellapenna and Lane that Vellano employees had, in the past, assisted in the unloading of deliveries and that Vellano never instructed plaintiff not to assist in the unloading was insufficient to raise a triable question of fact as to Vellano's control of the unloading process on the day of the accident. Therefore, we find that Supreme Court erred in denying Vellano's motion for summary judgment dismissing the third-party complaints against it.

Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that the orders are modified, on the law, with costs to the third-party defendant, Vellano Brothers, Inc., against third-party plaintiffs, by reversing so much thereof as denied the cross motion of Vellano Brothers, Inc. for summary judgment dismissing the third-party complaints; said cross motion granted, summary judgment awarded to Vellano Brothers, Inc. and third-party complaints dismissed; and, as so modified, affirmed.