■ VICKIE (SATTERFIELD) DEMEZA, as Administrator of the Estate of KENNETH R. DEMEZA, Deceased, Appellant, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Respondents. (And a Third-Party Action.) [680 NYS2d 729] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered May 23, 1997 in Clinton County, which, *inter alia*, granted a motion by defendant American Telephone and Telegraph Company for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

Plaintiff's decedent, Kenneth R. Demeza, was injured while loading empty cable reels onto a flatbed truck. Demeza, a truck driver, had been dispatched by his employer (third-party defendant Lake States Trucking) to pick up the reels at a storage lot in the City of Plattsburgh, Clinton County, and deliver them to a facility in New Jersey. The lot was owned by defendant Franklin R. Akey, who leased a portion of it to defendant American Telephone and Telegraph Company (hereinafter AT&T) for the storage of materials, including the reels Demeza was to transport, in connection with the ongoing construction of a fiber optic communications line from the Village of Rouses Point, Clinton County, to the community of Port Kent, Essex County. In addition to leasing the lot itself, AT&T had also entered into an oral agreement with Akey for the use of a front-end loader and an operator, to assist in loading and unloading supply trucks.

On the day in question, defendant Joseph S. Sorrell was operating the front-end loader, using it to deposit the reels, one at a time, onto the back of Demeza's truck. From there, Demeza rolled each reel into position on the truck bed and, when two reels were in place, secured them, by threading chains

through holes in the reel hubs and fastening them to rails along the sides of the truck. While securing the second set of two reels, Demeza leaned inside one of them to retrieve a chain, which had fallen between the reels; as he was doing so, he felt the truck bed shift, and subsequently found himself on the ground, with his legs pinned under the 400-pound reel. Demeza's representative now seeks to recover, on behalf of his estate,* for the injuries he sustained as a result of this accident.

After issue was joined and depositions conducted, the parties moved and cross-moved for, *inter alia*, summary judgment. Having determined that Demeza's activities did not come within the intended scope of Labor Law § 240 (1) and § 241 (6), and that AT&T breached no duty to Demeza that could support a finding of negligence or warrant the imposition of liability pursuant to Labor Law § 200, Supreme Court dismissed all of plaintiff's claims against AT&T. Plaintiff appeals.

We affirm. Assuming, without deciding, that the fiber optic communications line being installed by AT&T was a "structure", as that term is used in Labor Law §§ 240 and 241, the record provides no basis for concluding that the loading activity in which Demeza was engaged was "necessary and incidental to or an integral part of" the construction of that line (*Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002; *see, Sprague v Louis Picciano, Inc.*, 100 AD2d 247, 250, *lv denied* 62 NY2d 605; *compare, Cox v La Barge Bros. Co.*, 154 AD2d 947, 947-948, *lv dismissed* 75 NY2d 808). Not insignificant in this regard is the fact that AT&T had engaged Lake States and Akey, not for the performance of construction work, but only to provide storage, loading and transportation services (*cf., Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 198, *affd* 89 NY2d 952). Moreover, the reels being loaded were neither being readied for imminent use in a construction project (*compare, id.*; *Adams v Alvaro Constr. Corp.*, 161 AD2d 1014, 1015), nor was their removal "a necessary prerequisite" to the commencement or completion of the actual construction work (*Martin v Back O'Beyond*, 198 AD2d 479, 480).

The Labor Law § 200 and common-law negligence claims were also properly dismissed. To the extent that plaintiff seeks to hold AT&T responsible for the absence of proper chocking material (blocks or wedges) at the site, we are not persuaded that AT&T had a duty to furnish such materials, particularly

---

* After commencing this suit, Demeza died of unrelated causes and his wife, in her capacity as administrator of his estate, was substituted as plaintiff.

in view of its employee's testimony that the truckers ordinarily supplied their own chocks, and the lack of any evidence that AT&T was aware of a need for such materials at the site (*see, Curley v Gateway Communications*, 250 AD2d 888, 890, 891). Nor has plaintiff tendered admissible proof that the absence of chocks—which are intended to prevent the reels from rolling forward or backward—caused the reel to fall sideways off the truck, taking Demeza with it.

Insofar as plaintiff contends that AT&T was negligent in failing to adequately supervise the loading process, it suffices to note that to hold AT&T liable on this theory it must be shown that it exercised supervisory control over the particular operation that led to the injury (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Here, it is undisputed that the process of securing the reels on the truck was left entirely to the driver, and that no person associated with AT&T spoke with Demeza (except to assist him in locating the storage site) or attempted in any way to direct or supervise his performance of that task (*see, Curley v Gateway Communications, supra*, at 891). And, plaintiff's speculation aside, nothing in the record warrants concluding that the accident was the result of any instructions (or lack thereof) that AT&T may have given Sorrell respecting the methods to be used in placing the reels on trucks.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.