■ MICHAEL HUTCHINS et al., Respondents-Appellants, v FINCH, PRUYN & COMPANY, INC., Appellant-Respondent. (And a Third-Party Action.) [700 NYS2d 517] —Spain, J. Cross appeals from an order of the Supreme Court (Lahtinen, J.), entered November 16, 1998 in Franklin County, which granted plaintiffs' cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Michael Hutchins (hereinafter plaintiff) was employed by O'Neill Brothers Trucking, Inc. as a truck driver engaged in the work of hauling wood for sale to various paper mills. On December 29, 1992, plaintiff drove a tractor-trailer containing a full load of eight-foot logs to the papermaking plant of defendant where the logs were sawed into four-foot lengths while still on the trailer and then unloaded. Plaintiff then drove the truck to the cleaning area provided by defendant on its premises where he proceeded to clean the bed of the trailer of chunks of wood, sawdust, chunks of ice and snow and other debris as required by defendant. As plaintiff was shoveling off the trailer, he fell off the trailer and sustained serious injuries.

Plaintiff and his wife, derivatively, commenced this action contending that defendant was negligent and violated Labor Law §§ 200 and 240 (1). After commencing a third-party action against O'Neill, defendant moved for summary judgment dismissing all of plaintiffs' causes of action, which O'Neill joined. Plaintiffs opposed defendant's motion and cross-moved

for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Supreme Court granted defendant's motion seeking dismissal of plaintiffs' causes of action based on common-law negligence and Labor Law § 200, and granted plaintiffs' cross motion for summary judgment with respect to liability on the basis of Labor Law § 240 (1). Defendant and plaintiffs now appeal.

On plaintiffs' appeal they contend that Supreme Court erred in granting defendant summary judgment dismissing their common-law negligence and Labor Law § 200 causes of action. Liability under Labor Law § 200—like the common-law duty of owners to provide a reasonably safe working environment which it codifies (*see, Lombardi v Stout*, 80 NY2d 290, 294; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299)—requires a showing that the owner exercised some supervisory control over the operation and had actual or constructive notice of the alleged unsafe condition that caused the accident (*see, Monroe v Bardin*, 249 AD2d 650, 652-653; *Armer v General Elec. Co.*, 241 AD2d 581, 583, *lv denied* 90 NY2d 812; *Mastin v Albany Hous. Auth.*, 226 AD2d 995, 996; *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 880-881, *lv dismissed* 84 NY2d 864).

The record discloses that if logging suppliers such as O'Neill elected to deliver eight-foot logs to defendant's paper mill but desired to be paid the higher price for four-foot logs, defendant's employees would cut the logs while still on the logging trucks using defendant's saws. Defendant directed that the logging companies have their drivers clean their trucks prior to leaving the mill to minimize the discharge of debris on neighboring city streets. Although defendant provided a designated cleaning area and handheld cleaning equipment such as shovels and brooms, the actual cleaning was left entirely to the log truck driver and no person employed by defendant exercised any supervisory control over this process (*see, Demeza v American Tel. & Tel. Co.*, 255 AD2d 743, 745). Thus, plaintiffs' Labor Law § 200 and common-law negligence claims were properly dismissed.

Turning to defendant's appeal, we agree that summary judgment should not have been granted to plaintiffs on the issue of liability on their Labor Law § 240 (1) claim and that defendant's motion for summary judgment dismissing that claim should have been granted. As an initial matter, we find that defendant qualifies as an "owner" subject to the nondelegable duty imposed by this absolute liability statute based upon defendant's ownership of the property on which plaintiff was injured, notwithstanding O'Neill's ownership of the log truck itself (*see,*

*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560; *Ampolini v Long Is. Light. Co.*, 186 AD2d 772). Likewise, the definition of "structure" is sufficiently broad to encompass the log truck herein (*see, Gordon v Eastern Ry. Supply, supra,* at 560; *Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943). We also have no difficulty in concluding that plaintiff's fall from the truck is the type of gravity-related accident protected by Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514; *Curley v Gateway Communications*, 250 AD2d 888; *cf., Misseritti v Mark IV Constr. Co.*, 86 NY2d 487).

However, we conclude that because O'Neill and its employees did not perform cleaning services for defendant or perform any other activity enumerated under Labor Law § 240 (1), and because plaintiff's incidental cleaning of his employer's truck was not necessary or incidental to any activity enumerated under the statute, plaintiff does not qualify for the protection of this statute (*see, Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 198-199, *affd* 89 NY2d 952; *see also, Demeza v American Tel. & Tel. Co., supra,* at 744; *Vilardi v Berley*, 201 AD2d 641, 643, *lv denied* 83 NY2d 760; *Meehan v Mobil Oil Corp.*, 184 AD2d 1021, 1022, *lv denied* 85 NY2d 804; *cf., Chapman v International Bus. Mach. Corp.*, 253 AD2d 123 [the plaintiff was performing janitor services for cleaning service]; *Vernum v Zilka*, 241 AD2d 885; *Cabri v ICOS Corp.*, 240 AD2d 456, 457). While, as Supreme Court correctly observed, commercial cleaning is an enumerated activity under Labor Law § 240 (1) and need not be incidental to any other enumerated activity to be protected (*see, Chapman v International Bus. Machs. Corp., supra,* at 125-127), the determinative focus of Labor Law § 240 (1) is on the work plaintiff was performing when he was injured (*see, Joblon v Solow*, 91 NY2d 457, 465).

O'Neill, plaintiff's employer, delivered lumber to defendant's paper mill for sale pursuant to their noncontractual ongoing business relationship. Pursuant to that relationship, O'Neill did not perform cleaning services for defendant and defendant did not retain O'Neill to perform cleaning or pay extra for plaintiff's cleaning of O'Neill's truck. Plaintiff's incidental, minimal cleaning of his employer's truck following the delivery, sawing and unloading of the lumber did not make him "a person so employed" (Labor Law § 240 [1]) in the protected activity of "cleaning" the truck (*see, Joblon v Solow, supra,* at 465). Neither was plaintiff's ridding of the debris necessary or incidental to any other activity protected by Labor Law § 240 (1) (*see generally, La Fontaine v Albany Mgt.*, 257 AD2d 319;

*see also, Demeza v American Tel. & Tel. Co., supra,* at 744; *Vilardi v Berley, supra; Meehan v Mobil Oil Corp., supra; cf., Curley v Gateway Communications, supra; Covey v Iroquois Gas Transmission Sys., supra*). Accordingly, defendant is entitled to summary judgment dismissing this claim.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and partially denied defendant's motion for summary judgment dismissing the complaint; plaintiffs' cross motion denied, defendant's motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.