■ WILLIAM R. BAILEY, SR., et al., Appellants, v IRISH DEVELOPMENT CORPORATION et al., Respondents. (And a Third-Party Action.) [711 NYS2d 241] —Mugglin, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 10, 1999 in Albany County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

At all times herein relevant, plaintiff William R. Bailey, Sr. (hereinafter plaintiff) was a general laborer and truck driver employed by third-party defendant, Cal Parlman, Inc. (hereinafter Parlman). In July 1993, defendant Brooks Contracting, Inc. entered into a contract with defendant Mark Development Company, Inc. to act as general contractor for the construction of a wholesale depot store owned by defendants Mark Centers Limited Partnership, Mark Centers Trust Company and Mark Development Company, Inc. (hereinafter collectively referred to as the Mark defendants). As part of the contract, Brooks agreed to indemnify and hold Mark Development Company, Inc. harmless with regard to accidents arising out of the construction project.

Brooks subcontracted all work for the project. The original subcontract between Brooks and Parlman required Parlman to excavate and install the footing and foundation system. The majority of this work was performed in November 1993, after which work was halted until April 1994. As the result of a change order, Parlman was required to replace all existing footings. The existing footings were to be removed, trucked off-

site and buried. To accomplish this, Parlman subcontracted with defendant Irish Development Corporation. Although the construction project was shut down on May 27, 1994 when the prospective anchor tenant filed bankruptcy, Brooks was instructed to complete the work of removing the old concrete footings. On June 17, 1994, plaintiff and an employee of Irish Development used an excavator to lift the pieces of concrete footing, each of which was approximately six feet long, six feet wide and 18 inches thick, and weighed in excess of four tons, into the bed of the dump trucks. To accomplish this, they fastened one end of the chain to the bucket of the excavator and plaintiff wrapped the opposite end around a piece of footing. Once the concrete was lifted into the bed of the dump truck, plaintiff was required to unhook the chain and exit the bed of the truck, after which the excavator would pull the chain loose from the footings. On approximately the seventh occasion, as plaintiff attempted to exit the truck and the excavator operator began to pull the chain from the concrete, the chain caught and the two concrete footings then on the truck slid, causing the dump body to rapidly rise into the air. At this time, plaintiff was located on the cab shield and grasped the top edge to avoid falling. Unfortunately, plaintiff was hoisted and injured when he lost his grip, fell to the roof of the truck cab and from there to the frame of the truck under the dump body. Fearful of being crushed by the dump body, he rolled off the truck frame to the ground.

Plaintiff and his wife, derivatively, commenced this action seeking damages under Labor Law §§ 200, 240 (1) and § 241 (6) and under a common-law theory of negligence. Following discovery, plaintiffs moved for partial summary judgment on the issue of liability based on defendants' alleged violation of Labor Law § 240 (1). The Mark defendants and Brooks cross-moved for summary judgment dismissing plaintiffs' complaint or, alternatively, for summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action against all defendants and summary judgment for common-law indemnification against Irish Development. Parlman opposed plaintiffs' motion and supported the cross motion for summary judgment dismissing plaintiffs' complaint. Irish Development opposed plaintiffs' motion, supported the motion for dismissal of plaintiffs' complaint and opposed the moving defendants' motion for indemnification. Supreme Court dismissed plaintiffs' Labor Law § 240 (1) claim against all defendants, dismissed plaintiffs' common-law negligence and Labor Law § 200 claims against Brooks, Mark Centers Limited Partnership and Mark Centers Trust, and concluded that the dismissal rendered the claim for common-

law indemnity moot as to these defendants. The court denied Mark Development's motion for indemnification, finding that questions of fact existed as to its role in plaintiff's injury. Plaintiffs now appeal.

Plaintiffs contend that Supreme Court improperly denied their motion for partial summary judgment on liability under Labor Law § 240 (1) since the excavator, a hoisting device, improperly caused the concrete to slide and/or fall from the dump body, resulting in the rapid raising of the dump body causing plaintiff to fall from an elevated work site.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide necessary and appropriate protection to workers employed on a construction site (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). The statutory protection afforded by Labor Law § 240 (1) is intended to encompass only elevation-related hazards which result in injury to workers as a result of inadequate or missing safety equipment (see, Bland v Manocherian, 66 NY2d 452, 457-459). Recognizing that requiring workers to labor at elevated work sites creates a significant risk of injury through the operation of gravity, Labor Law § 240 (1) contains a list of devices intended to protect workers from the elevation-related risks (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). As the Court of Appeals explained in Rocovich v Consolidated Edison Co. (supra, at 514), "The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards of having to work in these circumstances, we believe, that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides."

Since we agree with Supreme Court's conclusion that none of the devices listed in Labor Law § 240 (1) were intended to or would have prevented the series of events which led to plaintiff's injury, we affirm the denial of plaintiffs' motion for partial summary judgment and the dismissal of this cause of action. A violation of the statute must be a proximate cause of the injury before liability is imposed (see, Bland v Manocherian, 66 NY2d 452, supra). This accident was not caused by defective or missing safety equipment. Unlike the previous occasions, the operator of the excavator did not wait for plaintiff to exit the truck before attempting to remove the chain. This

conduct proximately caused the accident. Moreover, we can envision no device listed in Labor Law § 240 (1) which would be intended to guard against this type of unique incident. To the extent that the accident may have occurred by reason of the malfunction or inadequacy of the truck equipment, it constitutes injury caused by a hazard that this section of the statute does not protect against (see, *De Haen v Rockwood Sprinkler Co.*, 258 NY 350). Moreover, the record demonstrates that plaintiff, when injured, was engaged in hauling away concrete construction debris which once had been but was no longer a part of the building or structure. Under such circumstances, Labor Law § 240 (1) has no application (see, *Gentile v New York City Hous. Auth.*, 228 AD2d 296, *lv dismissed* 89 NY2d 981).*

We next address plaintiffs' contention that Supreme Court improperly dismissed plaintiffs' cause of action under Labor Law § 241 (6). That statute "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878). In order to impose liability, however, it is essential that the plaintiff demonstrate the violation of a specific regulatory provision of the industrial code (see, *Armer v General Elec. Co.*, 241 AD2d 581, *lv denied* 90 NY2d 812). In order to satisfy this requirement, plaintiffs rely on 12 NYCRR 23-9.7 which prescribes safety practices to be observed by construction workers with respect to trucks. In our view, plaintiffs' reliance upon this provision of the industrial code is misplaced. First, the record clearly establishes that the dump mechanism on the truck was not being operated within the meaning of the rule at the time plaintiff was injured. Likewise, plaintiff, at the time of his injury, was not working under the raised body of the dump truck and there is no evidence that the dump truck was being loaded in excess of its rated capacity. Thus, we are convinced that Supreme Court properly granted dismissal of plaintiffs' cause of action under Labor Law § 241 (6).

We agree, however, with plaintiffs that Supreme Court erred in granting summary judgment dismissing some of the claims under Labor Law § 200 and common-law negligence. Labor

---

* The record reflects that these pieces of concrete were removed from the ground and stockpiled prior to the day plaintiff was injured, some distance from the building site. When the job was shut down, plaintiff's employer had not buried the pieces on-site as required by the contract. Therefore, to receive final payment in full, Parlman subcontracted with Irish Development to truck them off-site and dispose of what, in our view, was construction debris which no longer constituted part of a building or structure.

Law § 200 represents a codification of the common-law duty of an owner or employer to provide employees with a safe place to work (*see*, *Jock v Fien*, 80 NY2d 965; *Nowak v Smith & Mahoney*, 110 AD2d 288). In order to impose liability under this statute, the plaintiff is required to demonstrate that the owner or general contractor supervised or controlled the work performed or had actual or constructive notice of the unsafe condition which precipitated plaintiff's injury (*see*, *Murray v South End Improvement Corp.*, 263 AD2d 577, 578). It is clear that Brooks, the general contractor, had left the site following the termination of the project in May 1994, and Supreme Court properly dismissed these causes of action against it. The Mark defendants did have an on-site employee who was apparently in some position of responsibility for completion of the closure of the site and who observed the loading of the concrete footings on the dump truck prior to plaintiff's injury. Since questions of fact exist as to the relationship of the Mark defendants, *inter alia*, and as to whether the Mark defendants' on-site employee supervised or controlled the work performed by plaintiff or had actual or constructive notice of the alleged unsafe condition which precipitated plaintiff's injury, summary judgment dismissing these causes of action against the Mark defendants was improper.

Although no defendant cross-appealed, were we to reach the issue of common-law indemnity, we would hold this issue to be premature as it must await the outcome at trial and the apportionment of damages (*see*, *Powers v Lino Del Zotto & Son Bldrs.*, 266 AD2d 668). In addition, the Mark defendants may be entitled to contractual indemnification from Brooks.

Crew III, J. P., Rose and Lahtinen, JJ., concur.

Spain, J. (concurring in part and dissenting in part). While I agree with the majority's resolution of the Labor Law §§ 200 and 241 (6) issues, I disagree with the majority's conclusion that Labor Law § 240 (1) is inapplicable to the facts of this case. In contrast to *Gentile v New York City Hous. Auth.* (228 AD2d 296, *lv dismissed* 89 NY2d 981), upon which the majority relies, plaintiff William R. Bailey, Sr. (hereinafter plaintiff) was not engaged in the mere hauling away of construction debris. Rather, he was engaged in the removal of frost-damaged concrete footings which had been installed in connection with the construction of a building. The removal of the damaged footings was part of the construction project and the fact that the project was abandoned before the building was built does not alter the fact that the work was incidental to the construction of a building. In the alternative, the removal of the foot-

ings constituted part of the demolition of the partially constructed building.

It is also clear that plaintiff was exposed to an elevation-related risk contemplated by Labor Law § 240 (1), i.e., the risk of falling from one elevation level atop the bed of the truck to the ground below (*see, Curley v Gateway Communications*, 250 AD2d 888, 890), and his fall from the truck is the type of gravity-related accident protected by the statute (*see, Hutchins v Finch, Pruyn & Co.*, 267 AD2d 809, 811, *lv denied* 94 NY2d 762). The elevated bed of the truck where plaintiff was required to work was, in effect, an elevated platform and when it suddenly tipped, "it no longer served its ' "core objective" ' of preventing plaintiff from falling from his elevated perch * * * indeed, it was precisely because of this inadequacy that plaintiff sustained the injuries he apparently did" (*Dankulich v Felchar Mfg. Corp.*, 247 AD2d 660, 661, quoting *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561). In my view, plaintiffs are entitled to summary judgment on their Labor Law § 240 (1) claim and, therefore, the order should be modified to so provide. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants Mark Centers Limited Partnership and Mark Centers Trust Company summary judgment on plaintiffs' Labor Law § 200 claim, and as so modified, affirmed.